■ In the Matter of EUGENE HIBBARD, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM, Respondent. [719 NYS2d 767] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's request for performance of duty disability retirement benefits.

On March 27, 1996, petitioner, a Deputy Chief/Fire Marshall with the City of Rochester, Monroe County, was diagnosed with cervical spondylosis and applied for performance of duty disability retirement benefits claiming to be permanently disabled as a result of an on-the-job injury occurring on September 18, 1990 and other subsequent trauma throughout his service as a firefighter. Petitioner's application was denied by the

Comptroller based upon his failure to demonstrate that his medical condition rendered him permanently incapacitated from the performance of his duties at the time that he retired. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78, subsequently transferred to this Court, to challenge the Comptroller's determination.

Although there is no dispute that petitioner is permanently incapacitated from performing strenuous physical activity due to his cervical condition, the issue is whether his disability prevented him from performing his duties as Deputy Chief/ Fire Marshall, which duties the Comptroller found to be administrative. Given the undisputed medical testimony, especially from the physician who testified on behalf of respondent, that petitioner should avoid "engag[ing] in activity where there is some risk of injury," we conclude that the record does not support the Comptroller's conclusion that petitioner was not totally incapacitated from the performance of his duties (*see, Matter of Arimento v McCall*, 211 AD2d 958). While the job specifications detailing petitioner's duties as Deputy Chief/Fire Marshall did not require that he fight fires or respond to all three-alarm fires, it was undisputed that he was required to "investigate the cause, origin and circumstances" of every suspicious fire and those involving injury or death. According to petitioner's testimony, determining the origin and cause of a fire often involved moving debris, lifting and crawling. No evidence was offered to refute petitioner's description of this aspect of his job.

We find that it is unreasonable to conclude, given the medical testimony from both parties, that such duty would not involve physical activity which would expose petitioner to some risk of injury. Notwithstanding the fact that petitioner's duties were largely administrative in nature, we conclude that there were, nonetheless, aspects of his duties which required some degree of physical activities which were beyond petitioner's capabilities due to his cervical spondylosis.

Cardona, P. J., Peters, Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is annulled, with costs, petition granted and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.