■ In the Matter of WILLIAM PIEKIEL, Petitioner, v H. CARL McCALL, as New York State Comptroller, et al., Respondents.

[723 NYS2d 275] —Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for State Police disability retirement benefits.

In the course of his duties as a State Police Investigator, petitioner was involved in a motor vehicle accident in October 1993. After receiving emergency room treatment for a small abrasion to his forehead and other scrapes and bruises, he was discharged with directions to follow up with his private physician. Petitioner thereafter attempted to return to work but complained of headaches and pain in his neck and upper back, as well as problems with attention and concentration. In July 1995, petitioner applied for State Police disability retirement benefits, alleging that his headaches, loss of memory, inability to concentrate and back pain are permanent. After a hearing, respondent Comptroller denied the application and petitioner commenced this CPLR article 78 proceeding to review the determination.

Our review of the record reveals that the Retirement System presented the testimony of an orthopedist, a psychologist and a neurologist, whose opinions were based on examinations of petitioner and his medical records. The orthopedist found no orthopedic condition which would prevent petitioner from performing his duties. The psychologist, whose examination of petitioner included a battery of tests to assess the possibility of cognitive deficits, opined that petitioner's cognitive functioning did not prevent him from performing his duties. Although the psychologist also concluded that, at the time of the examination, petitioner had a disabling pain disorder, he described the disability as "probably intermittent" and found nothing to indicate that the disorder resulted in a permanent disability or was not treatable. The neurologist found no impairment of any brain function and concluded that the symptoms described by petitioner seemed to be out of proportion to the degree of injury, which the neurologist described as mild. Petitioner notes that the focus of the neurologist's examination was on whether petitioner had a seizure disorder, but the neurologist testified that he nevertheless performed a comprehensive neurological examination.

Although the Comptroller's authority to resolve conflicts in medical opinion and to credit the testimony of one expert over that of another is limited by the principle that expert medical testimony "must be viewed in light of the record as a whole and has no greater probative force tha[n] the grounds upon

which it is based" (*Matter of Nopper v McCall*, 222 AD2d 884, 885), "an expert opinion based on a review of medical records and a physical examination is generally credible evidence upon which [the Comptroller] may rely" (*Matter of Harper v McCall*, 277 AD2d 589, 590). When an articulated, rational and fact-based medical opinion is offered, inconsistencies or other alleged deficiencies in the expert's testimony present questions of credibility for the Comptroller to resolve (*see, id.*). In light of these principles, we conclude that, despite petitioner's criticisms, the opinions of the Retirement System's experts are not so lacking in foundation or rationality as to preclude the Comptroller from exercising the authority to evaluate conflicting medical opinions (*see, Matter of DiPofi v New York State & Local Police & Fire Retirement Sys.*, 273 AD2d 734, *lv denied* 95 NY2d 765). The determination must, therefore, be confirmed.

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.