■ In the Matter of THOMAS J. LIBER, Petitioner, v H. CARL McCALL, as State Comptroller, Respondent. [775 NYS2d 197]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

Petitioner began working as a police officer for the Westchester County Department of Health and Safety in August 1982 and suffered a number of injuries while on the job. In November 1997, he filed applications for accidental and performance of duty disability retirement benefits, claiming injuries to his left knee, back, right shoulder, neck and left elbow. After his applications were disapproved, he requested a redetermination and hearing. At the conclusion of the hearing, the Hearing Officer denied the applications, finding that petitioner was not permanently incapacitated from performing the duties of a police officer and that the incidents of March 8, 1993 and November 18, 1993 were not accidents within the meaning of the Retirement and Social Security Law. Respondent made a supplemental finding of fact, but upheld the Hearing Officer's decision. This CPLR article 78 proceeding ensued.

In order for a police officer to receive accidental or performance of duty disability retirement benefits, he or she must be permanently incapacitated from performing his or her regular job duties (see Retirement and Social Security Law §§ 363, 363-c). Where there is a conflict in the medical evidence on this issue, respondent is vested with the authority to resolve it and credit the opinion of one expert over another (see Matter of Decker v McCall, 305 AD2d 782, 783 [2003], lv denied 100 NY2d 512 [2003]; Matter of Harper v McCall, 277 AD2d 589, 590 [2000]). Respondent's determination will be upheld so long as it is supported by substantial evidence (see Matter of Maida v McCall, 305 AD2d 929, 930 [2003], lv denied 100 NY2d 511 [2003]; Matter of Gabrielsen v McCall, 285 AD2d 895, 896 [2001]).

Here, contrary testimony was given by petitioner's board-certified orthopedic surgeon and the two board-certified orthopedic surgeons retained by the New York State and Local Police and Fire Retirement System concerning the extent of petition-

er's disability. Respondent was certainly entitled to credit the opinions of the Retirement System's two experts over the opinion of petitioner's expert and their testimony provides substantial evidence supporting the denial of petitioner's applications on the ground that he was not permanently incapacitated from performing his job duties. Consequently, we decline to disturb his determination and need not address the issue of whether petitioner's November 18, 1993 work-related injury constituted an accident within the meaning of the Retirement and Social Security Law.

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.