▪ In the Matter of DANIEL F. HOEHN, Petitioner, v ALAN G. HEVESI, as State Comptroller, Respondent. [787 NYS2d 496]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for disability retirement benefits.

For over 15 years, petitioner worked as a maintenance

mechanic/welder for a municipality. On April 17, 1998, while off duty, he was involved in an automobile accident. He did not return to work thereafter. In December 1999, petitioner filed an application for disability retirement benefits claiming that injuries to his back rendered him unable to work. His application was initially denied. Following a hearing, a Hearing Officer also denied the application finding that petitioner was not permanently disabled from performing his duties. Respondent upheld the Hearing Officer's findings and petitioner commenced this CPLR article 78 proceeding alleging that respondent's determination is not supported by substantial evidence.

Based on our review of the record, we find substantial evidence supporting respondent's determination that petitioner was not permanently incapacitated from performing his job-related duties and, thus, was ineligible for disability retirement benefits under Retirement and Social Security Law article 15 (*see Matter of Porter v McCall,* 305 AD2d 920, 921 [2003]). In making such a determination, this Court will uphold respondent's determination if supported by credible evidence "in the form of an articulated, rational, and fact-based medical opinion" (*Matter of Meyer v Board of Trustees of N.Y. City Fire Dept.,* 90 NY2d 139, 148 [1997]). Respondent, moreover, "is vested with the authority to weigh the conflicting opinions of medical experts and to credit the opinion of one expert over that of another" (*Matter of Collins v New York State & Local Retirement Sys.,* 5 AD3d 817, 818 [2004]).

Here, respondent relied upon the opinion of the expert for the New York State and Local Retirement System, who examined petitioner on August 25, 2000 but terminated the examination after petitioner leapt off the examining table complaining of agony inflicted when the expert tapped his knee with a reflex hammer. The expert testified that petitioner's behavior was beyond any normal physiological response but, given petitioner's profound negative reaction, he felt that he could not continue the examination. In the time spent with petitioner, the expert was able to observe that petitioner's lower extremities were functioning and there was no evidence of atrophy of petitioner's hands. The expert also reviewed petitioner's job description, medical history—including a report from a physician who was able to complete a full examination of petitioner approximately two months following the automobile accident—and various MRI reports before reaching the conclusion that, while petitioner suffers from advanced degenerative disk disease, he has no orthopedic disability that would preclude him from performing his job.

We reject petitioner's contention that the expert's inability to complete a physical examination of petitioner and perform many of the available diagnostic tests renders his opinion unreliable. As long as an expert medical opinion is otherwise credible, it cannot "be rejected solely because [it was] not based on direct physical examination of the petitioner" (*Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., supra* at 146). The expert's opinion, based on his limited opportunity to observe petitioner, petitioner's medical history, previously completed diagnostic tests, MRI reports and the lack of what he deemed to be objective evidence of disability, is not "so lacking in foundation or rationality as to preclude [respondent] from exercising the authority to evaluate conflicting medical opinions" (*Matter of Piekiel v McCall*, 282 AD2d 922, 924 [2001]; *see Matter of Hill v New York State & Local Retirement Sys.*, 295 AD2d 802, 802-803 [2002]; *Matter of Harper v McCall*, 277 AD2d 589, 590 [2000]).

Petitioner's treating physician also offered expert testimony, supported by petitioner's physical examinations, diagnostic tests and medical history, and reached the contrary conclusion that petitioner was permanently disabled from performing his job. However, given respondent's exclusive authority to evaluate conflicting medical evidence and make credibility determinations, we find "that the challenged determination is supported by substantial evidence, even though there is other evidence that would support a contrary result" (*Matter of City of Schenectady v McCall*, 245 AD2d 708, 711 [1997]; *see Matter of Buczynski v New York State & Local Empls. Retirement Sys.*, 291 AD2d 630, 630-631 [2002]).

Mercure, J.P., Peters and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.