In the Matter of THOMAS J. REGAN, Petitioner, v. NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [787 NYS2d 723]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for disability retirement benefits.

Petitioner had been employed as a sanitation worker with the Town of Hempstead in Nassau County for approximately 17 years when he suffered an on-duty accident in July 2000, resulting in injury to his low back. In January 2001, he filed an application for disability retirement benefits under Retirement and Social Security Law article 15, asserting permanent incapacity as a result of the accident. Following the denial of his application, petitioner was granted a rehearing and redetermination, following which the Hearing Officer denied the application, concluding that petitioner was not permanently incapacitated from the duties of his employment as a sanitation worker. Respondent Comptroller concurred with the Hearing Officer's findings and petitioner instituted this CPLR article 78 proceeding challenging the Comptroller's determination.

To establish entitlement to disability retirement benefits under Retirement and Social Security Law article 15, petitioner is required to establish permanent incapacity from performing the duties of his regular employment (*see Matter of Porter v McCall*, 305 AD2d 920, 921 [2003]). On review, the Comptroller's determination must be upheld if supported by substantial evidence, which in this context means that the administrative determination is supported by some credible evidence in the record (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 761 [1996]; *Matter of Hall v McCall*, 2 AD3d 1026, 1027 [2003]). Here, the record reflects two conflicting medical opinions regarding petitioner's physical condition. Petitioner asserts that since the selection of the medical opinion concluding that petitioner was not permanently incapacitated was erroneous, the Comptroller's determination is not supported by substantial evidence in the record.

It is well settled that "the Comptroller possesses the authority to resolve conflicts in medical evidence and to credit the opinion of one expert over that of another, so long as the credited expert provides an 'articulated, rational and fact-based opinion, founded upon a physical examination and review of relevant medical reports and records' " (*Matter of Hill v New York State & Local Retirement Sys.*, 295 AD2d 802, 802 [2002], quoting *Matter of Buczynski v New York State & Local Empls. Retirement Sys.*, 291 AD2d 630, 630 [2002] [citation omitted]; *accord*

*Matter of Porter v McCall, supra* at 921). Here, petitioner's medical expert contended, based on an MRI report, an ultrasound and a physical examination, that plaintiff suffered from nerve impingement secondary to three herniated discs in the lumbosacral spine with lumbar radiculopathy, rendering petitioner currently disabled from performing his duties as a sanitation worker. In contrast, the medical expert for respondent New York State and Local Employees' Retirement System testified that, based on his physical examination of petitioner, he found no abnormal findings other than a 20% decrease in flexion, a subjective test dependent upon petitioner's complaint of pain during the testing procedure. As no other test resulted in abnormal findings, this witness concluded that petitioner had no radiculopathy. Additionally, he testified that these findings were in complete agreement with and supported by the MRI report. Since this medical opinion is premised upon a physical examination and the MRI report, it provides substantial evidence for the Comptroller's determination.

Petitioner further asserts that he was denied due process of law requiring a new hearing (*see* CPLR 7803 [3]). First, we reject petitioner's claim that he was denied due process as a result of an ambiguity as to the degree of flexion found as described in the written report of the Comptroller's medical expert. The ambiguity did not deprive petitioner of adequate notice since unquestionably petitioner had the report in advance of the hearing. Such an ambiguity simply forms a basis for cross-examination. Likewise, there is no merit to petitioner's contention that he was denied due process because he was not allowed to offer rebuttal testimony. Petitioner has no absolute right to present rebuttal testimony. The Comptroller's regulations require petitioner to present all of his evidence during the initial hearing (*see Matter of Knight v New York State & Local Employees' Retirement Sys.*, 266 AD2d 774, 776 [1999]; 2 NYCRR 317.4 [a]).

Next, we find no due process error resulting from the preclusion of petitioner's medical records from the hearing record. When seeking a hearing before the Comptroller, a petitioner is required to select the method by which he or she will present his or her case, either through live testimony or reliance on medical records (*see* 2 NYCRR 317.5 [d]). Here, petitioner chose to present live testimony and, thus, preclusion of the medical reports at the hearing does not constitute an abuse (*see Matter of Decker v McCall*, 305 AD2d 782, 783 [2003], *lv denied* 100 NY2d 512 [2003]; *Matter of Di Francesco v Comptroller of State of N.Y.*, 277 AD2d 762, 763 [2000]).

Lastly, petitioner asserts improper ex parte contact between the Hearing Officer and the Comptroller. There is no record support for this speculative claim. Thus, it is insufficient to establish bias and/or conflict which impacted petitioner's right to receive a fair and impartial determination (*see Matter of Le Pore v McCall*, 262 AD2d 919, 920 [1999]).

Crew III, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.