■ In the Matter of JOHN LYNN, Petitioner, v OFFICE OF THE COMPTROLLER OF THE STATE OF NEW YORK et al., Respondents. [791 NYS2d 729]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for performance of duty and ordinary disability retirement benefits.

In December 1992, petitioner, a police officer, injured his lower back and left arm when he fell while responding to a burglary alarm. He was treated at a hospital and missed 2½ to 3 months of work. Thereafter, he returned to his normal duties until 1998, when he ceased working claiming that pain associated with his back injury prevented him from performing his job duties. His applications for performance of duty and ordinary disability retirement benefits were disapproved and he then requested a hearing and redetermination. Following an administrative hearing at which conflicting medical evidence was presented, a Hearing Officer determined that petitioner had failed to establish that he was permanently incapacitated from performing his duties. Respondent Comptroller upheld the determination and this CPLR article 78 proceeding ensued.

To qualify for the requested disability benefits, it was incumbent upon petitioner to establish that he was permanently incapacitated from performing his duties as a police officer (*see Matter of Liber v McCall*, 6 AD3d 950, 950 [2004]). When faced with conflicting medical opinions, the Comptroller has the authority to resolve the conflict and credit one expert over another (*see Matter of Cooper v McCall*, 5 AD3d 851, 853 [2004], *lv denied* 2 NY3d 706 [2004]; *Matter of Harper v McCall*, 277 AD2d 589, 590 [2000]). If the Comptroller's determination is supported by substantial evidence, the fact that substantial evidence may support a contrary conclusion is not a sufficient ground upon which to reject the Comptroller's determination (*see Matter of English v McCall*, 6 AD3d 923, 924 [2004]).

Petitioner's treating orthopedist opined that he was unable to perform the duties of a police officer. However, Mark Kramer, the orthopedist who examined petitioner on behalf of respondent New York State and Local Employees Retirement System, offered a contrary opinion. Kramer's opinion was based upon his review of petitioner's medical records and his examination

of petitioner, which included a series of tests. Kramer testified that petitioner exhibited a normal gait and had good hyperextension, rotation and bending. Petitioner's attempt to discredit Kramer's testimony by pointing out that he did not inquire about pain during each of the tests was adequately addressed in Kramer's explanation that he looks for signs of discomfort in the patient during the tests rather than repeatedly inquiring about pain. Kramer's conclusions that petitioner had sustained a lumbosacral sprain that had resolved and that he was capable of returning to his job are supported by substantial evidence in the record.

Although a new Hearing Officer was substituted part way through the hearing process, such a substitution is authorized unless it creates "substantial prejudice" (State Administrative Procedure Act § 303; *see Matter of Kreppein v New York State & Local Police & Fire Retirement Sys.*, 270 AD2d 732, 732 [2000]). Petitioner did not object to the substitution and has failed to show that he was substantially prejudiced thereby.

Petitioner's contention that the Hearing Officer erred in belatedly permitting causation to be raised is academic since the applications were denied without reaching that issue.

Peters, J.P., Mugglin, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.