■ In the Matter of LAWRENCE P. KOSILLA, Petitioner, v ALAN G. HEVESI, as Comptroller of the State of New York, Respondent. [806 NYS2d 793]—

Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental disability retirement benefits and performance of duty disability retirement benefits.

In August 2000, petitioner suffered an injury to his back while working as a firefighter for the Village of Scarsdale, Westchester County. Upon his physician's recommendation, petitioner did not return to work thereafter. Ultimately, petitioner retired because he believed that he was physically unable to perform the duties of a firefighter. His subsequent applications for accidental disability retirement benefits and performance of duty disability retirement benefits were denied. As relevant here, a Hearing Officer determined that petitioner was not entitled to retirement benefits because he had failed to meet his burden of proving that he was permanently incapacitated from the perfor-

mance of his duties at the time of his application and because his injury was not the result of an "accident" within the meaning of Retirement and Social Security Law § 363. Respondent affirmed and petitioner then commenced the instant CPLR article 78 proceeding challenging respondent's determination. We confirm.

Initially, petitioner argues that respondent erred in determining that he was not permanently incapacitated from performing his job. We disagree. "It is well settled that [respondent] possesses the authority to resolve conflicts in medical evidence and to credit the opinion of one expert over that of another, so long as the credited expert provides an articulated, rational and fact-based opinion, founded upon a physical examination and review of relevant medical reports and records" (*Matter of Regan v New York State & Local Employees' Retirement Sys.*, 14 AD3d 927, 928 [2005], *lv denied* 4 NY3d 709 [2005] [internal quotation marks and citations omitted]; *see Matter of Hoehn v Hevesi*, 14 AD3d 761, 762 [2005], *lv denied* 4 NY3d 708 [2005]; *Matter of Davenport v McCall*, 5 AD3d 850, 851 [2004]). Here, petitioner's treating physician testified that he concluded, based on his examination of petitioner and two MRI reports, that petitioner suffered from a bulging disc, an annular tear of the L4-5 disc and narrowing of the spinal canal that rendered him incapable of working as a firefighter. In addition, petitioner presented testimony from a physical therapist who performed a functional capacity evaluation test on petitioner, which indicated that petitioner was unable to perform his job duties.

In contrast, Robert Hendler, a physician who examined petitioner at the request of the New York State and Local Retirement System, testified that while the MRI reports revealed that petitioner had a bulging disc, an EMG test showed no evidence of lumbar radiculopathy and, thus, petitioner's condition would not be disabling. In addition, Hendler stated that there was no clinical correlation between the MRI reports and petitioner's complaints during his physical examination of petitioner. In our view, it cannot be said that Hendler's opinion is " 'so lacking in foundation or rationality as to preclude [respondent] from exercising the authority to evaluate conflicting medical opinions' " (*Matter of Hoehn v Hevesi, supra* at 763, quoting *Matter of Piekiel v McCall*, 282 AD2d 922, 924 [2001]). Inasmuch as there is substantial evidence—which, in this context, means "some credible evidence in the record"—to support respondent's determination, it must be upheld (*Matter of Regan v New York State & Local Employees' Retirement Sys., supra* at 928; *see Matter of Hoehn v Hevesi, supra* at 763; *Matter of Davenport v*

*McCall, supra* at 851; *cf. Matter of Velazquez v New York State & Local Retirement Sys.,* 17 AD3d 833, 835 [2005]).

We also reject petitioner's argument that the August 2000 incident was an accident within the meaning of Retirement and Social Security Law § 363. Petitioner's injury occurred when he and two other firefighters were packing a fire hose back into a fire apparatus—an activity performed on a routine basis—and they failed to pull the hose in unison, causing petitioner's back to twist. Respondent properly concluded that petitioner's injury "occurred as a result of activity undertaken in the performance of his ordinary employment duties and does not qualify as an accident within the meaning of [the] statute" (*Matter of Davenport v McCall, supra* at 851; *see Matter of Thompson v Regan,* 185 AD2d 577, 578 [1992]; *see also Matter of Mc-Cambridge v McGuire,* 62 NY2d 563, 568 [1984]).

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.