In the Matter of SARA W. MERRING, Petitioner, v ALAN G. HEVESI, as State Comptroller, et al., Respondents. [814 NYS2d 411]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for disability retirement benefits.

Petitioner, a keyboard specialist with the Department of Mental Hygiene, sustained various personal injuries in several incidents which occurred between February 1990 and August 2000. Her subsequent application for disability retirement benefits was denied on the basis that she was not permanently incapacitated from performing her job duties.

Our review of the record reveals substantial evidence supporting respondent Comptroller's determination that petitioner was ineligible for disability retirement benefits pursuant to Retirement and Social Security Law article 15 (*see Matter of Hoehn v Hevesi*, 14 AD3d 761, 762 [2005], *lv denied* 4 NY3d 708 [2005]; *Matter of Porter v McCall*, 305 AD2d 920, 921 [2003]). To that end, we note that the Comptroller "is vested with the authority to weigh the conflicting opinions of medical experts and to credit the opinion of one expert over that of another" (*Matter of Collins v New York State & Local Retirement Sys.*, 5

AD3d 817, 818 [2004]; *see Matter of Flynn v McCall*, 1 AD3d 686, 686-687 [2003]), and his or her determination need only be "supported by credible evidence 'in the form of an articulated, rational, and fact-based medical opinion' " (*Matter of Hoehn v Hevesi, supra* at 762, quoting *Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 148 [1997]). Although petitioner presented medical evidence that her injuries prevented her from performing her usual job functions, contrary evidence was also offered. Specifically, an orthopedist who treated petitioner opined that, while her injuries did result in a permanent partial disability, she remains capable of the duties required of a keyboard specialist. In addition, an orthopedic surgeon who evaluated petitioner and reviewed her medical history at the request of respondent New York State and Local Retirement System opined that, with the exception of reaching above her head, petitioner would not have any problems performing her normal job responsibilities, including sitting, filing and typing. We do not agree with petitioner's assertion that the orthopedic surgeon's opinion was deficient because her examination of petitioner was cursory and incomplete, as the opinion was not "so lacking in foundation or rationality as to preclude the Comptroller from exercising the authority to evaluate conflicting medical opinions" (*Matter of Piekiel v McCall*, 282 AD2d 922, 924 [2001]). In view of our disposition, we need not address petitioner's remaining claims.

Mercure, Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.