In the Matter of JACQUELINE M. SWACK, Petitioner, v ALAN G. HEVESI, as Comptroller of the State of New York, Respondent. [816 NYS2d 767]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respon-

dent which denied petitioner's application for disability retirement benefits.

Petitioner, a mental hygiene therapy aide at a state psychiatric center, applied for ordinary disability retirement benefits claiming that she was disabled as a result of fibromyalgia, spinal stenosis, arthritis, bursitis, depression and anxiety. The New York State and Local Employees' Retirement System disapproved her application and, following a hearing, the Hearing Officer concluded that petitioner did not prove that she was permanently incapacitated from performing her employment duties. Respondent adopted that conclusion and denied petitioner's application, prompting the commencement of this CPLR article 78 proceeding.

An applicant for disability retirement benefits bears the burden of proving that he or she is permanently incapacitated from the performance of his or her job duties (*see* Retirement and Social Security Law art 15; *Matter of Myers v McCall*, 2 AD3d 1250, 1251 [2003], *lv denied* 2 NY3d 702 [2004]; *Matter of Marx v McCall*, 306 AD2d 797, 799 [2003]; *Matter of Amodeo v McCall*, 257 AD2d 872, 872 [1999]). Here, petitioner submitted her medical records which contained a report from physician Vinay Reddy indicating that petitioner was unable to work as a result of her chronic disabling pain from various conditions but did not offer an opinion as to the extent of her incapacity. Furthermore, although petitioner testified that her physicians had informed her that her spinal stenosis would not improve, there was no medical proof that the condition was permanently incapacitating. In fact, an orthopedist's report indicated to the contrary. Similarly, the record bears no evidence of permanent incapacity caused by the other objective conditions of which petitioner complained. With respect to petitioner's fibromyalgia, although she presented evidence that she was suffering chronic pain, the expert who examined her on behalf of the Retirement System testified that it was not possible to state with a reasonable degree of medical certainty that petitioner was permanently disabled by that condition.

Notably, respondent's authority to evaluate and resolve conflicting medical evidence and credit the opinion of one expert over that of another is dispositive where, as here, "the credited expert provides an articulated, rational and fact-based opinion, founded upon a physical examination and review of relevant medical reports and records" (*Matter of Regan v New York State & Local Employees' Retirement Sys.*, 14 AD3d 927, 928 [2005], *lv denied* 4 NY3d 709 [2005] [internal quotation marks and citations omitted]; *see Matter of Hall v McCall*, 2 AD3d 1026, 1026-

1027 [2003]). Accordingly, inasmuch as respondent's determination herein that petitioner did not meet her burden of proving permanent incapacity from her job duties is supported by substantial evidence, it must be upheld (*see Matter of Kosilla v Hevesi*, 25 AD3d 870, 871 [2006]; *Matter of Capparella v McCall*, 7 AD3d 875, 876 [2004]; *Matter of Hall v McCall, supra* at 1027), even though the record contains evidence that might support a contrary result (*see Matter of Lynn v Office of Comptroller of State of N.Y.*, 16 AD3d 935, 936 [2005]).

Mercure, Peters, Spain and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.