■ In the Matter of RICHARD E. MYLCHREEST, Petitioner, v ALAN G. HEVESI, as State Comptroller, et al., Respondents. [819 NYS2d 808]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

Petitioner sustained injuries to his back while performing his duties as a firefighter during separate incidents in January 1998 and January 2002. After his ensuing applications for accidental and performance of duty disability retirement benefits were disapproved, petitioner requested a hearing and redetermination. The Hearing Officer ultimately denied the applications on the grounds that petitioner was not permanently incapacitated from performing his job duties and that the incidents did not constitute accidents within the meaning of Retirement and Social Security Law § 363. Respondent Comptroller adopted the Hearing Officer's findings and conclusions, prompting this CPLR article 78 proceeding.

We reject petitioner's assertion that the Comptroller erred in determining that he was not permanently incapacitated from performing his job duties. "It is well settled that the Comptroller possesses the authority to resolve conflicts in medical evidence and to credit the opinion of one expert over that of another, so long as the credited expert provides an articulated, rational and fact-based opinion, founded upon a physical examination and review of relevant medical reports and records" (*Matter of Regan v New York State & Local Employees' Retirement Sys.*, 14 AD3d 927, 928 [2005], *lv denied* 4 NY3d 709 [2005] [internal quotation marks and citations omitted]; *see Matter of Kosilla v Hevesi*, 25 AD3d 870 [2006]; *Matter of Hoehn v Hevesi*, 14 AD3d 761, 762 [2005], *lv denied* 4 NY3d 708 [2005]). Here, notwithstanding contrary medical evidence from petitioner's treating orthopedist, a board-certified orthopedic surgeon who examined petitioner and reviewed his medical history at the request of respondent New York State and Local Retirement System opined that petitioner was not permanently incapacitated from performing his responsibilities as a firefighter. This expert determined that, although petitioner did sustain injuries to his thoracic and lumbar spine as a result of the two incidents, there was simply no objective evidence, including an "essentially negative MRI," of any "significant damage to his muscular-skeletal structure" or "neurologic deficit" which would correlate with petitioner's complaints of ongoing chronic pain. The Retirement System's expert further concluded that petitioner displayed symptom magnification.

Based upon the foregoing, we find that substantial evidence supports the Comptroller's determination denying petitioner's applications for accidental and performance of duty disability retirement benefits (see Matter of Kosilla v Hevesi, supra; Matter of Liber v McCall, 6 AD3d 950, 950 [2004]). In view of our disposition, petitioner's argument that the incidents constituted accidents under the Retirement and Social Security Law has been rendered academic.

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.