In the Matter of Douglas J. Freund, Petitioner, v Alan G. Hevesi, as State Comptroller, Respondent. [823 NYS2d 313]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

Petitioner, a police officer, sustained injuries to his neck, upper back and right shoulder during an incident wherein he fell down a rock embankment while in the course of giving chase on foot to a fleeing suspect. His ensuing applications for accidental and performance of duty disability retirement benefits were disapproved, and he thereafter requested a hearing and redetermination. The Hearing Officer ultimately denied petitioner's applications on the grounds that he was not permanently incapacitated from performing his job duties and the incident did not constitute an accident as contemplated by the Retirement and Social Security Law. Petitioner then commenced this CPLR article 78 proceeding.

We find unavailing petitioner's contention that respondent erred in determining that he was not permanently incapacitated from performing his duties as a police officer. Respondent possesses the authority to resolve conflicts in the medical evidence and to credit one expert's opinion over that of another, so long as the credited expert articulates a rational and fact-based opinion founded upon a physical examination and review of the pertinent medical records (*see Matter of Kosilla v Hevesi*, 25 AD3d 870, 871 [2006]; *Matter of Regan v New York State & Local Employees' Retirement Sys.*, 14 AD3d 927, 928 [2005], *lv denied* 4 NY3d 709 [2005]). Here, petitioner's treating orthopedist opined that he suffered from a cervical disc injury and shoulder derangement which permanently prevented him from undertaking his job duties. However, a different orthopedist who examined petitioner and reviewed his medical history at the request of the New York State and Local Retirement System concluded that, although petitioner had sustained a possible

cervical sprain and shoulder contusion, he was capable of performing the duties required of a police officer. In that regard, the latter expert noted that petitioner's physical examination and lab testing were "completely normal" and he exhibited no positive objective orthopedic findings or neurologic examination abnormalities. That expert additionally opined that petitioner displayed symptom magnification. According due deference to respondent's factual resolutions, we find that substantial evidence supports respondent's determination denying petitioner's applications for disability retirement benefits (*see Matter of Riguzzi v Hevesi*, 16 AD3d 822, 823 [2005]; *Matter of Liber v McCall*, 6 AD3d 950, 950 [2004]).

In light of our disposition, petitioner's argument that the incident constituted an accident within the meaning of the Retirement and Social Security Law has been rendered academic (*see Matter of Mylchreest v Hevesi*, 32 AD3d 648, 650 [2006]).

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.