■ In the Matter of STEVEN A. CLOROFILLA, Petitioner, v ALAN G. HEVESI, as State Comptroller, Respondent. [831 NYS2d 779]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

Petitioner, a police officer, sustained injuries to his head, neck and back as the result of an on-duty motor vehicle collision in 1995 wherein his patrol car was struck by a vehicle which had been the subject of a high-speed chase. His ensuing applications for accidental and performance of duty disability retirement benefits were disapproved, prompting him to request a hearing and redetermination. The Hearing Officer thereafter denied his applications on the basis that he had not established that he was permanently incapacitated from performing his job duties. Respondent adopted the Hearing Officer's findings and conclusions. Petitioner then commenced this CPLR article 78 proceeding.

Petitioner claims that respondent erred in determining that he failed to establish that he was permanently incapacitated from performing his duties as a police officer. We cannot agree. Respondent possesses the authority to resolve conflicting medical evidence and to credit the opinion of one expert over that of another, so long as the credited expert articulates a rational and fact-based opinion premised upon a physical examination and consideration of the relevant medical records (see Matter of

*Freund v Hevesi*, 34 AD3d 950, 950 [2006]; *Matter of Mylchreest v Hevesi*, 32 AD3d 648, 649 [2006]; *Matter of Kosilla v Hevesi*, 25 AD3d 870, 871 [2006]). Here, notwithstanding contrary medical evidence from petitioner's treating doctors, John Mazella, a board-certified orthopedic surgeon who examined petitioner and reviewed his medical history and tests at the request of the New York State and Local Retirement System, opined that petitioner was not permanently incapacitated from performing his employment duties. Mazella examined petitioner's cervical, thoracic and lumbar spine and—as to all—found normal ranges of motion with no spasm or tenderness. With regard to petitioner's upper extremities, Mazella found that petitioner had full strength, symmetric reflexes and no loss of sensation. As for petitioner's lower extremities, Mazella determined that he had full strength, symmetric and functional reflexes and no sensory deficit. In view of the foregoing, we find that substantial evidence in the record supports respondent's determination denying petitioner's applications for accidental and performance of duty disability retirement benefits (*see Matter of Freund v Hevesi, supra* at 951; *Matter of Mylchreest v Hevesi, supra* at 650; *Matter of Riguzzi v Hevesi*, 16 AD3d 822, 823 [2005]; *Matter of Liber v McCall*, 6 AD3d 950, 951 [2004]).

Petitioner's remaining contentions have been considered and are without merit.

Cardona, P.J., Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.