■ In the Matter of JAMIE MAINZER, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, et al., Respondents. [860 NYS2d 324]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for disability retirement benefits.

Petitioner, a police officer, filed an application for ordinary disability retirement benefits in November 2003 contending that she was permanently disabled due to brain damage and the resulting deterioration of her memory and other mental functions. Following disapproval of her application by respondent New York State and Local Retirement System, a Hearing Officer found that petitioner failed to establish that she was permanently incapacitated from the performance of her duties as a police officer and denied her application. Respondent Comptroller accepted those findings, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to challenge the Comptroller's determination.

As the applicant, petitioner bore the burden of establishing that she is permanently incapacitated from the performance of her duties as a police officer (see Matter of Swack v Hevesi, 30 AD3d 853, 854 [2006]; Matter of McKinney v McCall, 6 AD3d 791, 792 [2004]). To that end, petitioner testified regarding the various reprimands and suspensions she received due to her inattentiveness and the difficulties she experienced in timely and accurately performing her administrative duties. Petitioner also offered the testimony of Stephen Honor, a board-certified neuropsychologist, who evaluated petitioner in 1994 and 2003. Honor opined that petitioner is permanently incapacitated from the performance of her duties as a police officer due to residual brain impairment stemming from an equestrian accident that petitioner suffered in 1974.

In contrast, the Retirement System presented the testimony of Steven Fayer, a board-certified psychiatrist, who examined petitioner on behalf of the Retirement System and concluded that petitioner's condition was entirely treatable. Indeed, Fayer opined that, given the proper combination of psychotherapy and medication, petitioner's condition would improve and, thus, petitioner was not permanently incapacitated from the performance of her duties.

It is well settled that the Comptroller is vested with the

exclusive authority "to weigh conflicting medical evidence and to credit the opinion of one expert over another" (*Matter of Rolandelli v Hevesi*, 27 AD3d 945, 946 [2006]; *see Matter of Varriano v Hevesi*, 40 AD3d 1357, 1359 [2007], *lv denied* 9 NY3d 815 [2007]). "[W]here, as here, the credited expert provides an articulated, rational and fact-based opinion, founded upon a physical examination and review of relevant medical reports and records" (*Matter of Swack v Hevesi*, 30 AD3d at 854 [internal quotation marks and citations omitted]), the Comptroller's determination will not be disturbed, even if the record contains evidence that could support a contrary conclusion (*see id.* at 855). Petitioner's challenges to certain aspects of Fayer's opinion presented a credibility issue for the Comptroller to resolve (*see Matter of Schine v Hevesi*, 40 AD3d 1362, 1363-1364 [2007]).

Spain, Rose and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.