Kane, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner’s application for disability retirement benefits.
Petitioner filed an application for disability retirement benefits after he injured his back at work. The Retirement System disapproved the application. Following a hearing, the Hearing Officer found that petitioner failed to establish that he was permanently incapacitated from performing his duties as a correction officer. Respondent accepted those findings, prompting petitioner to commence this proceeding.
“An applicant for disability retirement benefits bears the burden of proving that he or she is permanently incapacitated from the performance of his or her job duties” (.Matter of Swack v Hevesi, 30 AD3d 853, 854 [2006] [citations omitted]). To that end, petitioner offered the testimony of a physician who conducted a workers’ compensation evaluation and diagnosed him with a permanent partial disability of the back due to a herniated disc. Petitioner’s chiropractor opined that petitioner was incapacitated from performing the routine duties of a correction officer, but the chiropractor could not definitively determine permanency until further treatment was explored. Specifically, weight loss and physical therapy with back strengthening exercises were recommended to assist petitioner with his back problems. While petitioner testified that he engaged in physical therapy for six weeks until his physician discontinued such therapy, he stated that the therapy ended based upon his subjective statements to his physician that it was not helping him. Petitioner did not produce the physical therapy records or any medical proof concerning that therapy.
The New York State and Local Employees’ Retirement System offered the testimony of an orthopedic surgeon who reviewed certain medical records and films and conducted two physical examinations of petitioner. She determined that, considering *877 petitioner’s gain of almost 100 pounds in the prior two years, which would impact or exacerbate his back condition, he could benefit from weight loss and physical therapy. Until those treatments were explored, the orthopedic surgeon could not diagnose petitioner as suffering from a permanent disability.
Respondent “is vested with the authority to weigh conflicting medical evidence and to credit the opinion of one expert over another” (Matter of Rolandelli v Hevesi, 27 AD3d 945, 946 [2006]; see Matter of Sweeney v Hevesi, 50 AD3d 1366, 1367 [2008]). In determining whether a person is permanently disabled, respondent may consider whether proper medical treatment is reasonably and safely available to correct the disability (see Matter of Mondello v Beekman, 78 AD2d 824, 824 [1980], affd 56 NY2d 513 [1982]). Despite some conflicting medical evidence here, the opinions of the orthopedic surgeon and petitioner’s chiropractor constitute substantial evidence to support respondent’s determination that petitioner is not permanently disabled because further medical treatment is available which may alleviate his disability (see Matter of Fragetti v New York State Policemen’s & Firemen’s Retirement Sys., 139 AD2d 867, 868 [1988]; see also Matter of Swack v Hevesi, 30 AD3d at 854; Matter of Lynn v Office of Comptroller of State of N.Y., 16 AD3d 935, 936 [2005]; Matter of Regan v New York State & Local Employees’ Retirement Sys., 14 AD3d 927, 928 [2005], lv denied 4 NY3d 709 [2005]). Therefore, we will not disturb that determination.
Mercure, J.E, Peters, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.