Lahtinen, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner’s applications for disability retirement benefits and accidental disability retirement benefits.
Petitioner, a State Trooper, was injured in 2001 when his State Police vehicle was struck from behind while parked. Based upon injuries to his neck, back and right knee, petitioner applied for ordinary disability retirement benefits and accidental disability retirement benefits. Following initial disapproval of his applications by the Comptroller and a request by petitioner for a hearing and redetermination, a Hearing Officer found that petitioner had failed to establish that he was permanently incapacitated from performing his job duties and denied the applications. The Comptroller accepted the Hearing Officer’s recommendations, prompting petitioner to initiate this CPLR article 78 proceeding.
To be eligible for disability retirement benefits, petitioner must establish that he is permanently disabled from his regular job duties (see Matter of Wilson v New York State & Local Police & Fire Retirement Sys., 53 AD3d 762, 763 [2008]; Matter of Mainzer v DiNapoli, 52 AD3d 1167, 1167 [2008]). To that end, petitioner presented medical records and reports from his treating physicians, who concluded that he was unable to perform all the duties of a state trooper due to disc herniation in his back and neck. In contrast, respondent presented the testimony of an independent medical examiner, who concluded that, based on his examination of petitioner and review of his medical records, petitioner was not permanently disabled and many of his symptoms were fictitious rather than anatomical.
Clearly, the Comptroller is accorded the exclusive authority to weigh conflicting medical evidence and credit one medical expert’s opinion over another (see Matter of Sweeney v Hevesi, 50 AD3d 1366, 1367 [2008]; Matter of Quigley v Hevesi, 48 AD3d *923 1023, 1025 [2008]). As the independent medical examiner provided an “articulated, rational and fact-based opinion, founded upon a physical examination and review of relevant medical reports and records” (Matter of Swack v Hevesi, 30 AD3d 853, 854 [2006]; accord Matter of Mainzer v DiNapoli, 52 AD3d at 1168), the Comptroller’s determination is supported by substantial evidence and we will not disturb it, despite evidence in the record which might support a contrary conclusion (see Matter of Swack v Hevesi, 30 AD3d at 854-855; Matter of Rolandelli v Hevesi, 27 AD3d 945, 946 [2006]).
Cardona, P.J., Mercure, Kane and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.