Peters, J.R
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner’s application for performance of duty disability retirement benefits.
Petitioner, a sergeant with the Suffolk County Police Department, injured his back at the scene of a motor vehicle accident in February 2004 when he slipped while moving the door of the vehicle—which had been removed by the fire department—so that rescue personnel would have better access to the accident *1102 victim. Petitioner’s application for performance of duty disability retirement benefits was denied by respondent New York State and Local Police and Fire Retirement System on the ground that petitioner was not permanently incapacitated from the performance of his duties. A Hearing Officer affirmed the denial of benefits following a hearing, and respondent Comptroller upheld this determination upon administrative review.
Mitchell Goldstein, a board-certified orthopedic surgeon, testified that petitioner’s MRI showed “significant damage to the spinal column with multiple level herniations.” An EMG study revealed damage and irritation not only to the spinal cord, but to the nerves of the spinal cord. Goldstein, who started treating petitioner eight months after his injury and continues to see petitioner every six weeks, concluded that the findings on these two objective tests were compatible with petitioner’s subjective complaints. Goldstein diagnosed petitioner with lumbosacral herniated discs, sciatica and back pain, and he testified that petitioner’s injury was permanent. Reports were also put into evidence on petitioner’s behalf by Timothy Mosomillo, an osteopath who treats petitioner three times a week, Stephen Zolan, an orthopedist who conducted an independent medical exam on behalf of petitioner’s employer, Yan Sun, another orthopedic surgeon who performed an independent medical exam on behalf of the Workers’ Compensation Board, and Lewis Levy, a neurologist. Each physician concurred with Goldstein’s finding of disc herniation and they also noted various levels of muscle spasm, and the degree of permanency noted in their reports ranged from “[pjartial moderate permanent” to total disability.
A report was also submitted into evidence by Edward Toriello, an orthopedic surgeon who examined petitioner on behalf of the Retirement System. Toriello diagnosed petitioner, after an exceedingly brief examination, with “resolved low back strain,” finding no muscle spasm and no evidence of disability. Goldstein testified, however, that if petitioner merely had a low back strain, the EMG and MRI would not have shown the nerve damage and disc herniation. Testimony further revealed that as a result of the herniation and radiculopathy, petitioner’s ability to sit, stand and lift are limited such that he cannot go into the field as he did prior to this incident, he continues to experience severe pain requiring continued medication and, even though on light duty, he has missed over 130 days of work as a result of this incident compared to only 14 days missed due to injury in the 19 years prior thereto.
As the Retirement System concedes that petitioner’s injury occurred while he was on duty, the only issue with respect to *1103 petitioner’s application for benefits is whether he is permanently incapacitated from performing his duties, and petitioner has the burden to demonstrate such incapacity (see Matter of Zindell v Hevesi, 27 AD3d 996, 997 [2006]; Matter of Savio v Hevesi, 27 AD3d 1002, 1003 [2006]). The Comptroller “possesses the authority to resolve conflicting medical evidence and to credit the opinion of one expert over that of another, so long as the credited expert articulates a rational and fact-based opinion premised upon a physical examination and consideration of the relevant medical records” (Matter of Clorofilla v Hevesi, 38 AD3d 1126, 1126 [2007]; see Matter of Freund v Hevesi, 34 AD3d 950, 951 [2006]). Given the testimony at the hearing, as well as the medical evidence submitted, we find that the Comptroller’s determination that petitioner was not totally incapacitated from performing his duties as a field sergeant is not supported by substantial evidence and must therefore be annulled (see Matter of Hibbard v New York State & Local Employees’ Retirement Sys., 279 AD2d 945, 946 [2001]; Matter of Nopper v McCall, 222 AD2d 884, 885 [1995]).
Rose, Lahtinen, Kavanagh and Stein, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and matter remitted to respondents for further proceedings not inconsistent with this Court’s decision.