In the Matter of TIMOTHY KENNEDY, Petitioner, v NEW YORK STATE AND LOCAL POLICE AND FIRE RETIREMENT SYSTEM, Respondent. [868 NYS2d 382]—

Petitioner worked as a police detective for the Waterfront Commission of the New York Harbor for 12 years. In 2000, he suffered from various heart, gastrointestinal and psychological problems that caused him to stop working. Soon thereafter, he filed applications for ordinary disability retirement benefits and performance of duty disability retirement benefits. After his applications were disapproved, petitioner requested a hearing. Following the hearing, a Hearing Officer concluded that claimant was not entitled to either type of benefits because he was not permanently incapacitated from the performance of his duties. This determination was adopted by the Comptroller, resulting in this CPLR article 78 proceeding.

We confirm. Initially, we note that "[t]o qualify for the

requested disability benefits, it was incumbent upon petitioner to establish that he was permanently incapacitated from performing his duties as a police officer" (*Matter of Lynn v Office of Comptroller of State of N.Y.*, 16 AD3d 935, 936 [2005]). In the case at hand, conflicting medical evidence was presented concerning whether petitioner's psychological problems and irritable bowel syndrome permanently incapacitated him from performing his duties as a police detective (*see e.g. Matter of Harko v New York State Comptroller*, 46 AD3d 1185 [2007]; *Matter of Rovegno v Regan*, 103 AD2d 877 [1984]). It is well settled that the Comptroller is vested with the exclusive authority to credit the opinion of one medical expert over that of another (*see Matter of Quigley v Hevesi*, 48 AD3d 1023, 1025 [2008]). In view of this, and given the evidence establishing that petitioner did not suffer from permanent incapacitation due to his afflictions, substantial evidence supports the Comptroller's decision.

Cardona, P.J., Spain, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.