■ In the Matter of DOMENICO G. RAGNO, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, Respondent. [890 NYS2d 214]—

Mercure, J.P.

Petitioner, a police officer, sustained an injury to his left wrist while teaching a defensive tactics training class. His initial application for performance of duty disability retirement benefits was denied based partly upon medical testimony indicating that his injury was easily treatable through a routine surgical procedure. Despite undergoing the recommended surgery, petitioner's wrist did not improve and, in 2005, he again sought performance of duty disability retirement benefits. After his application was disapproved, petitioner requested a redetermination and hearings were held. A Hearing Officer subsequently determined that petitioner was not permanently incapacitated from performing the duties of a police officer and denied his application. Respondent adopted the Hearing Officer's findings, prompting this CPLR article 78 proceeding.

We confirm. As an applicant for benefits, petitioner bore the burden of proving "that he was permanently incapacitated from performing his duties as a police officer" (*Matter of Lynn v Office of Comptroller of State of N.Y.*, 16 AD3d 935, 936 [2005]; *Matter of Kennedy v New York State & Local Police & Fire Retirement Sys.*, 57 AD3d 1050, 1050-1051 [2008]; *Matter of Mainzer v DiNapoli*, 52 AD3d 1167, 1167 [2008]). To that end, petitioner offered testimony regarding his current symptoms and the manner in which they prevent him from, among other things, firing and safeguarding his weapon, operating an emergency vehicle or restraining a combative suspect. He also submitted, in addition to other medical records, the report of his hand surgeon, Andrew Kleinman, who opined that petitioner is "permanently partially disabled" and suffers from wrist pain that is "probably not correctable." In contrast, John Mazella, a board-certified orthopedic surgeon who examined petitioner at the request of the New York State and Local Retirement System on multiple occasions, testified that petitioner was not permanently incapacitated from performing the functions of a police officer. Indeed, Mazella opined that there was no physiological evidence to support petitioner's subjective complaints of wrist pain and "no orthopedic disability precluding his full duty status."

It is well settled that "[r]espondent possesses the authority to resolve conflicts in the medical evidence and to credit one expert's opinion over that of another, so long as the credited expert articulates a rational and fact-based opinion founded upon a physical examination and review of the pertinent medical records" (*Matter of Freund v Hevesi*, 34 AD3d 950, 950 [2006]; *see Matter of Macri v DiNapoli*, 56 AD3d 936, 937 [2008]). Accordingly, inasmuch as Mazella's opinion satisfies the foregoing criteria, respondent's determination is supported by substantial evidence and we decline to disturb it (*see Matter of Dingee v DiNapoli*, 56 AD3d 876, 877 [2008]; *Matter of Liber v McCall*, 6 AD3d 950, 950-951 [2004]).

Spain, Rose, Kane and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.