■ In the Matter of MICHAEL BRADY, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, Respondent. [909 NYS2d 551]—

Peters, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner, a firefighter, applied for performance of duty disability retirement benefits, alleging that he was permanently disabled due to two work-related injuries to his back. The application was denied. Following a hearing, the Hearing Officer determined that petitioner had failed to establish that he was permanently disabled from performing his duties as a firefighter. This CPLR article 78 proceeding ensued.

We confirm. As an applicant for performance of duty disability retirement benefits, petitioner bore the burden of proving that he was permanently incapacitated from performing his duties as a firefighter (*see Matter of Ragno v DiNapoli*, 68 AD3d 1342, 1343 [2009]; *Matter of Lipsky v New York State Comptroller*, 56 AD3d 1101, 1103 [2008]). To that end, petitioner offered the medical reports of several experts, including his primary care physician, a pain management specialist, two radiologists, a neurosurgeon, a chiropractor and various psychiatrists. Of these experts, only his primary care physician opined that petitioner was permanently incapacitated from performing his job duties. The other experts either found petitioner's disability to be temporary, or did not reach a conclusion as to the permanency of petitioner's disability in their reports. The New York State and Local Employees' Retirement System presented the medical reports from an expert who examined petitioner on its behalf. Based upon his examination of petitioner, he initially opined that petitioner suffered from a permanent disability. In a subsequent report, however, the expert changed his opinion after reviewing the results of certain tests performed on petitioner and concluded that petitioner was not permanently disabled. While the Hearing Officer found the change of opinion of the Retirement System's expert to be unpersuasive, he concluded that petitioner had not met his burden of proving a permanent incapacity from his job duties.

In situations where, like here, there are conflicting opinions as to whether petitioner is permanently disabled, it is well settled that respondent is vested with "the authority to resolve conflicts in the medical evidence and to credit one expert's opinion over that of another" (*Matter of Ragno v DiNapoli*, 68

AD3d 1342, 1344 [2009] [citations omitted]; *see Matter of Doran v New York State & Local Police & Fire Retirement Sys.*, 56 AD3d 922, 922 [2008]; *Matter of Sweeney v Hevesi*, 50 AD3d 1366, 1367 [2008]). Inasmuch as the record contains rational and fact-based expert opinions, founded upon physical examinations and the review of relevant medical records, that petitioner's disability is temporary, respondent's determination that petitioner did not meet his burden of establishing permanent incapacity from performing his job duties is supported by substantial evidence and will not be disturbed, despite evidence in the record that might support a contrary result (*see Matter of Tracy v New York State & Local Employees' Retirement Sys.*, 58 AD3d 1006, 1008 [2009]; *Matter of Swack v Hevesi*, 30 AD3d 853, 855 [2006]).

Rose, Lahtinen, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.