Kavanagh, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner’s application for disability retirement benefits.
Petitioner, a deputy sheriff assigned to transport inmates to various courts, sustained injuries to, among other things, her left hip, neck and back while restraining an unruly inmate in September 2000. As a result of these injuries, petitioner applied for disability retirement benefits in August 2007 pursuant to Retirement and Social Security Law article 15. After her application was disapproved, petitioner requested a hearing and redetermination. Following a hearing and the submission of medical documentation, a Hearing Officer concluded that petitioner was not entitled to disability retirement benefits because she failed to establish that she was incapacitated from *1169 the performance of her duties. The Comptroller adopted the findings of the Hearing Officer. Petitioner then commenced this CPLR article 78 proceeding.
As the applicant for disability retirement benefits, petitioner bore the burden of establishing that she is permanently incapacitated from the performance of her job duties (see Matter of Mainzer v DiNapoli, 52 AD3d 1167, 1167 [2008]). In support of her application, petitioner submitted reports and medical records from her treating physicians, who concluded that petitioner has reached maximum medical improvement and is permanently disabled from performing her job duties due to the incident in September 2000. However, Austin Leve, a board-certified orthopedist who examined petitioner and reviewed her medical records on behalf of respondent, opined that the findings in petitioner’s medical records “are not sufficient to consider her permanently disabled or unable to perform her duties of the position of deputy sheriff from an orthopedic standpoint.”
Petitioner’s contention that Leve did not consider all of her disabling conditions is belied by the record, which evinces that Leve thoroughly reviewed her medical records and examined petitioner. The fact that Leve, an orthopedist, practices a different medical discipline than her treating physician does not require that the Comptroller reject Leve’s opinion (see generally Matter of Kohli v McCall, 279 AD2d 859, 860 [2001]; Matter of City of Schenectady v McCall, 245 AD2d 708, 710 [1997]). To be sure, it is within the exclusive authority of the Comptroller to evaluate the medical evidence and credit one medical opinion over another (see Matter of City of Schenectady v McCall, 245 AD2d at 710). The Comptroller’s determination in that regard is “dispositive where, as here, the credited expert provides an articulated, rational and fact-based opinion, founded upon a physical examination and review of relevant medical reports and records” (Matter of Swack v Hevesi, 30 AD3d 853, 854 [2006] [internal quotation marks omitted]). The medical evidence in the record, particularly that of Leve, provides “some credible evidence” to support the Comptroller’s evaluation of the medical evidence and determination that petitioner is not disabled (Matter of Di Francesco v Comptroller of State of N.Y., 277 AD2d 762, 764 [2000]). Accordingly, substantial evidence supports the determination and it will not be disturbed, despite the fact that the record could support a contrary conclusion {see id.).
Petitioner’s remaining contentions, including that the demands of her position as a deputy sheriff were not properly considered, have been reviewed and found to be without merit.
*1170 Mercure, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.