■ In the Matter of JOSEPH PETERSON, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEMS et al., Respondents. [757 NYS2d 155] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

During the course of his employment as a police officer for the City of Rye in Westchester County, petitioner sustained four job-related injuries. Following the third such injury in February 1993, petitioner applied for accidental disability retirement benefits and performance of duty disability retire-

ment benefits. Petitioner's applications were denied in October 1994, and his request for a hearing and redetermination subsequently was withdrawn in January 1995. In the interim, in or about December 1994, petitioner returned to work and received a light-duty assignment. In February 1995, however, petitioner sustained his fourth work-related injury and, ultimately, stopped working entirely in July 1996. Petitioner again filed for accidental disability retirement benefits and performance of duty disability retirement benefits in January 1997, relying upon each of the four injuries previously sustained. Both applications were denied in September 1997. At the conclusion of the hearing that ensued, the Hearing Officer upheld the foregoing denials finding, among other things, that petitioner was not permanently incapacitated from performing his duties. Respondent Comptroller concurred, prompting petitioner to commence this CPLR article 78 proceeding to challenge the Comptroller's determination.

Petitioner's primary contention is that both the Hearing Officer and the Comptroller erred in crediting the testimony and report of Robert Hendler, the orthopedic surgeon testifying on behalf of respondent New York State and Local Retirement Systems, over the other medical evidence contained in the record. Specifically, petitioner argues that inasmuch as the report submitted by Michael Miller, the orthopedic surgeon who evaluated petitioner on behalf of the Retirement System in May 1994 following petitioner's initial applications for benefits, essentially mirrors the conclusions reached by petitioner's expert, the record overwhelmingly demonstrates that petitioner indeed is permanently incapacitated from the performance of his duties. We cannot agree. As a starting point, the Hearing Officer and the Comptroller were well within their discretion to discount Miller's report given that it did not take into consideration the fact that petitioner subsequently returned to work in a light-duty assignment. Additionally, the case law makes clear that the Comptroller is vested with the authority to weigh conflicting medical evidence and credit the opinion of one expert over that of another (*see Matter of Irish v McCall*, 297 AD2d 895, 896 [2002]). The mere fact that there is other evidence in the record that could support a contrary conclusion is of no moment. In light of this finding, we need not address the remaining arguments raised by petitioner on review.

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.