■ In the Matter of MADELINE VARRIANO, Petitioner, v ALAN G. HEVESI, as Comptroller of the State of New York, Respondent. [837 NYS2d 381]—

1358

████████████████

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental death benefits.

Petitioner's decedent worked as a general manager of operations and maintenance for the Port Authority at the World Trade Center and, although working on the 88th floor of World Trade Center One on September 11, 2001, he survived the terrorist attacks as he escaped the structure immediately before it collapsed. Many of his coworkers did not survive. In the months that followed, his work reportedly became, at times, virtually around the clock as he took on sundry duties—some formerly done by his many deceased coworkers, others of a new nature such as notifying families when remains were found and attending over 50 funerals. As explained by his wife, the pressures of this work and the anguish from losing so many friends and coworkers caused a formerly cheerful and energetic man to become moody, melancholy and exhausted. Sadly, on March 31, 2002, at the age of 44, he suffered a fatal heart attack while at home with his family.

His wife, petitioner herein, filed an application for accidental death benefits with the New York State and Local Employees' Retirement System. The application was denied and petitioner filed a timely appeal. At the ensuing hearing, the Retirement System acknowledged that the events of September 11 constituted an "accident" as that term is used in the pertinent statute, but maintained that decedent's death was not the natural and proximate result of that event.

Conflicting medical evidence was presented at the hearing. The report of petitioner's expert, Stanley Mondrow, concluded that decedent's death was "at least in part due to stresses which he sustained in the course of his employment." The Retirement

System's expert, Joseph Doyle, disagreed and concluded that decedent's death was the result of a preexisting condition and unrelated to September 11 or the events thereafter. The Hearing Officer found Doyle to be "credible and persuasive" and, accordingly, denied petitioner's application. Upon administrative review, respondent agreed with the Hearing Officer's determination. This proceeding ensued.

It is well settled that respondent has the "exclusive authority" to determine applications for retirement or accidental death benefits (Retirement and Social Security Law § 74 [b]; *see Matter of Welch v Hevesi*, 32 AD3d 564, 564 [2006]; *Matter of Sorli v Levitt*, 77 AD2d 773, 773 [1980]) and, "if supported by substantial evidence, those determinations must be upheld" (*Matter of Rogers v McCall*, 301 AD2d 723, 725 [2003]; *see Matter of Capparella v McCall*, 7 AD3d 875, 876 [2004]). When varying medical opinions are offered, respondent is "vested with the authority to weigh conflicting medical evidence and credit the opinion of one expert over that of another" (*Matter of Peterson v New York State & Local Retirement Sys.*, 304 AD2d 948, 949 [2003]; *see Matter of Liber v McCall*, 6 AD3d 950, 950 [2004]). Although a contrary conclusion may be supported by evidence in the record, we are not at liberty to substitute our assessment of the medical evidence for that of respondent's so long as adequate evidence undergirds respondent's determination (*see Matter of English v McCall*, 6 AD3d 923, 924 [2004]; *Matter of Ellison v Regan*, 189 AD2d 1076, 1077 [1993], *lv denied* 81 NY2d 709 [1993]). As we previously observed, in such situations "we are constrained to uphold" the determination of respondent (*Matter of Hassett v Regan*, 119 AD2d 954, 955 [1986]; *cf. FCC v WOKO, Inc.*, 329 US 223, 229 [1946, Jackson, J.] ["(T)he fact that we might not have made the same determination on the same facts does not warrant a substitution of judicial for administrative discretion"]).

Review of the record reveals substantial evidence supporting respondent's determination. The Retirement System's expert, Doyle, submitted reports and testified at the hearing. He explained that decedent's autopsy report put the cause of death as coronary atherosclerosis, which he characterized as a preexisting disease of the coronary arteries. Doyle added that decedent's medical records revealed several risk factors associated with atherosclerosis, including excess weight, high blood pressure, hypertension, high cholesterol and heavy smoking. He opined that the development of atherosclerosis takes decades and that emotional stress over the length of time implicated in this case would not have a significant effect in causing a heart attack.

We are unpersuaded by petitioner's argument that Doyle's opinions should have been disregarded in their entirety because he was not fully aware of all decedent's responsibilities following September 11 and Doyle had a narrow professional view of the link between stress and a heart attack. The record reflects that Doyle had sufficient knowledge of the pertinent medical information regarding decedent to support his opinion, and his acknowledged lack of some of the specific tasks that decedent performed in his job went to the weight accorded the evidence by respondent. As for his professional view, Doyle stated in one report that intense emotional stress "can rarely be cited as a plausible explanation of sudden death" and he provided similar testimony at the trial. He acknowledged on cross-examination that there is a division of opinion in the medical community regarding the role of stress as a risk factor for a heart attack. Nonetheless, his professional credentials established him as an expert in his field (i.e., graduate of Harvard Medical School and former head of the Division of Cardiology at Albany Medical College) and, thus, the decision whether to credit his opinion and what amount of weight to place on it rested exclusively with respondent.

Since substantial evidence supports respondent's finding of an absence of a causative link between the accident and decedent's heart attack, it is not necessary to address the further issue—resolved against petitioner by respondent—as to whether the events of September 11 could properly be considered together with decedent's subsequent employment responsibilities through March 2002 as part of the same single "accident" for purposes of the statute.

Peters, J.P., Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.