In the Matter of GARY L. WILSON, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEM, Respondent. [888 NYS2d 919]—

Spain, J.

Petitioner applied for disability retirement benefits in August

2004 on the basis of an injury he allegedly sustained to his back in November 2003 while working as a floor covering vocational instructor for the Department of Correctional Services. After his application was disapproved, petitioner requested a hearing and redetermination. Following hearings, a Hearing Officer determined that petitioner was not entitled to disability retirement benefits because he failed to establish that he was permanently incapacitated from the performance of his duties. The Comptroller made one supplemental conclusion of law, but otherwise adopted the findings of the Hearing Officer. This CPLR article 78 proceeding ensued.

As the applicant, petitioner bore the burden of proving that he was permanently incapacitated from performing the duties of a floor covering vocational instructor (*see Matter of Rossi v New York State Comptroller*, 55 AD3d 1125, 1125-1126 [2008]). In that regard, petitioner testified that his job entailed a great deal of "hands-on" instruction, which required frequent bending, and that he regularly got down on his hands and knees. Petitioner's supervisor agreed, testifying that petitioner would be unable to teach floor covering without demonstrating how it was done. Petitioner also presented reports and medical records from his treating physicians, who concluded that he was permanently incapacitated from performing his regular job duties as a result of, among other things, lumbar intervertebral disc displacement.

Notably, Thomas Pastore, an independent medical examiner who evaluated petitioner on behalf of respondent, agreed that petitioner would be unable to perform the duties of a vocational instructor if such duties involved lifting more than 25 to 40 pounds, bending, or working on his hands and knees. Nonetheless, based on his review of the Department of Civil Service job description for vocational instructors, as well as information that petitioner had provided to him relevant to the physical requirements of his occupation, Pastore opined that petitioner was not permanently incapacitated from performing the functions of his position.

In denying petitioner's application, the Hearing Officer relied on the fact that the vocational instructor job description does not specifically require lifting, bending or working on one's hands and knees. We note, however, that the job description is a generic description covering vocational instructors in a wide variety of fields, from barbering to welding. Nowhere in the job description are the specific duties of a floor covering vocational instructor ever mentioned. Moreover, the description clearly states that instructors will employ "appropriate teaching and

demonstration techniques'' and petitioner's and his supervisor's testimony that proper instruction of floor covering tasks requires demonstrations performed on one's hands and knees was not controverted. We reject the Hearing Officer's suggestion that because the description authorized an instructor to request an aide or assistant for any specific activity, no bending would be required inasmuch as a teacher aide could not be expected to have the expertise necessary to properly demonstrate techniques. Accordingly, there being no evidence to support the Comptroller's determination that petitioner was not required to bend or kneel to perform his job, the denial of the application for benefits on that basis must be annulled (*see Matter of Rossi v New York State Comptroller*, 55 AD3d at 1127; *Matter of Principe v McCall*, 255 AD2d 853, 855-856 [1998]).

Peters, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and matter remitted to the Comptroller for further proceedings not inconsistent with this Court's decision.