■ In the Matter of PATRICK J. DANIEU, Petitioner, v THOMAS P. DINAPOLI, as Comptroller of the State of New York, Respondent. [909 NYS2d 781]—

McCarthy, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

While employed as a senior public works wage investigator with the Department of Labor in 2001, petitioner injured his back and neck when a stairway handrail broke, causing him to fall.[1] He continued to work for several months, then applied for accidental disability retirement benefits. The application was denied on the basis that petitioner was not permanently incapacitated from performing his duties. Petitioner requested a hearing, which included testimony by petitioner and Eugene Gosy, one of his treating physicians. The parties also submitted numerous medical reports and records. The Hearing Officer upheld the original determination and respondent adopted the Hearing Officer's findings and conclusions, with one minor correction. This proceeding ensued.

Respondent's determination was not supported by substantial evidence. Petitioner met his initial burden of proving that he was permanently incapacitated from performing his duties as a public works wage investigator (*see Matter of Wilson v New York State & Local Retirement Sys.*, 68 AD3d 1238, 1239 [2009]; *Mat-*

---

1. Petitioner also injured his arm and knee, but those conditions were not diagnosed as permanently disabling.

*ter of Rossi v New York State Comptroller*, 55 AD3d 1125, 1125-1126 [2008]). He testified about his physical limitations following the accident as well as his general job duties, and a formal job description is included in the record. MRIs from December 2001 and January 2002 show seven herniated discs and degeneration at multiple levels. According to medical records, his treating orthopedic surgeon, William Capicotto, diagnosed several herniated discs in the cervical and lumbar spine that were entirely causally related to the subject accident. Capicotto found that petitioner was totally and permanently disabled, although his records do not outline petitioner's specific job duties or explain whether he can perform such duties. Andrew Matteliano, petitioner's treating physiatrist from 2002 to 2004, diagnosed multiple disc herniations in the cervical and lumbar spine. In records dating from 2003, Matteliano noted that petitioner's injuries created physical restrictions that were not likely to change and that he would never return to his regular job. Although he did not discuss petitioner's specific job duties, he noted various activity restrictions that would restrict his ability to work, such as the ability to lift objects heavier than 10 pounds, climb, kneel, crouch, sit more than a total of two hours in an eight-hour work day, and stand, walk or drive for more than a total of one hour per work day. David Phillips, a chiropractor, found petitioner's neck and back injuries causally related to the accident and found that they rendered him totally disabled, although he did not specify the permanency of that disability. Gosy, a neurologist and pain specialist, opined from his examination and the MRI results that petitioner suffered from several herniated discs as a result of the subject accident and these injuries were permanent. Gosy identified specific activities that are limited due to the injuries and that petitioner could not perform his job duties, although Gosy incorrectly testified that petitioner was a building inspector rather than a wage investigator and was not familiar with the duties of his actual position.

Petitioner also relies upon the report of Thomas Pastore, an orthopedic surgeon who conducted an independent medical examination on behalf of the New York State and Local Retirement System. Based upon his physical examination of petitioner and review of medical records, Pastore agreed that petitioner suffered from disc herniations at multiple levels of his cervical and lumbar spine, along with degenerative disc disease. While unable to definitively relate all of petitioner's complaints to the accident, he noted significant back and neck problems and opined, after reading petitioner's job description, that petitioner could not return to work. After the Retirement System

requested clarification, Pastore issued a follow-up report stating that petitioner's disc herniations "were of a traumatic origin and not present prior to the injury of record." He further opined that the accident caused a "permanent aggravation of a pre-existing problem" that would render him "unable to return to his previous occupation as a Senior Public Works Investigator."[2] Considering Pastore's opinions along with the testimony and medical records of petitioner's medical providers, petitioner established that the subject accident caused him injuries that rendered him permanently disabled from performing the duties of his position.

The Hearing Officer relied primarily upon the report of Howard Beemer, a physician who reviewed some medical records and examined petitioner on behalf of the Retirement System. Beemer diagnosed petitioner with degenerative disease of the cervical and lumbar spine, but did not find that this disability, which allegedly developed over a period of years, was causally related to the 2001 accident. He further opined that petitioner was not permanently disabled or unable to perform his duties.

Respondent is vested with the exclusive authority to evaluate conflicting medical opinions and credit the opinion of one expert over another (see *Matter of Varriano v Hevesi*, 40 AD3d 1357, 1359 [2007], *lv denied* 9 NY3d 815 [2007]), however, medical proof can only be relied upon if "the credited expert articulates a rational and fact-based opinion founded upon a physical examination and review of the pertinent medical records" (*Matter of Freund v Hevesi*, 34 AD3d 950, 950 [2006]; *see Matter of Ragno v DiNapoli*, 68 AD3d 1342, 1344 [2009]). Medical opinions "must be viewed in light of the record as a whole and [have] no greater probative force tha[n] the grounds upon which [they are] based" (*Matter of Nopper v McCall*, 222 AD2d 884, 885 [1995]). Beemer's opinion was not rational and fact-based, nor was it reached after a review of all pertinent medical records.

Pastore and all of petitioner's treating physicians diagnosed him with herniated discs, as supported by the MRIs that showed seven discs were herniated. Beemer diagnosed petitioner with degenerative disc disease, but made no mention of herniated

---

**2.** The Hearing Officer discredited Pastore's opinion because petitioner had denied any problems prior to this accident. According to the Hearing Officer, petitioner had "many previous injuries while in military service and as an [i]ronworker that contributed to his neck and back problems." That statement has no factual basis. The record discloses that petitioner suffered a gunshot wound to the face more than 30 years earlier and two broken wrists more than 15 years earlier, but there is no evidence that these injuries in any way affected his neck or back.

discs. Without acknowledging multiple herniated discs at different levels, Beemer rendered an opinion that petitioner's back and neck condition did not render him disabled. Beemer noted that petitioner informed him that his position involved desk work and field interviews, but Beemer failed to note any specific physical activities that were required and did not discuss whether petitioner could perform any of those activities. The report does not indicate that he reviewed petitioner's job description, while Pastore clearly stated that he did so. In a 2007 follow-up report, Beemer noted that a 2006 MRI showed chronic degenerative changes rather than an acute problem. To the contrary, this MRI showed that the degeneration had remained relatively unchanged since the 2001 MRI. Although he mentioned that the radiologist referred to disc degeneration, disc space narrowing and broad based disc herniation, Beemer again totally disregarded the multiple herniated discs shown on the MRIs. Despite noting that Matteliano was petitioner's primary treating physician and had treated him monthly from 2002 through 2004, Beemer stated that he had not reviewed Matteliano's records and, without explaining why, stated that such a review was unnecessary. He also apparently did not review Pastore's follow-up report.

Beemer's report was not rational or fact-based because he rendered an opinion on petitioner's back and neck condition without acknowledging that he suffered from seven herniated discs or how those injuries affected his ability to perform physical activities. There is also no indication that Beemer was fully aware of petitioner's job duties, making his opinion speculative. Additionally, he did not review all of the pertinent medical records. On the other hand, the Hearing Officer discredited Pastore's opinion on a factually incorrect basis. Viewing the record as a whole, respondent's determination that petitioner was not permanently incapacitated from performing the duties of his position—an opinion based solely on Beemer's reports—was not based upon substantial evidence (*see Matter of King v DiNapoli*, 75 AD3d 793, 795-796 [2010]; *Matter of Lipsky v New York State Comptroller*, 56 AD3d 1101, 1103 [2008]; *Matter of Rossi v New York State Comptroller*, 55 AD3d at 1127). Accordingly, the determination is annulled.

Cardona, P.J., Lahtinen, Kavanagh and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.