Mercure, J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner’s application for accidental disability retirement benefits.
Petitioner was employed as a senior information system clerk with the Westchester County Department of Social Services. She was injured in 2004 while performing a physical test during an interview for another position with the Department. Petitioner thereafter attempted to return to work, but left after three days due to pain in her right shoulder and arm. Petitioner’s subsequent application for accidental disability retirement benefits was denied on the basis that she was not permanently incapacitated from the performance of her job duties. The Comptroller ultimately upheld the denial of petitioner’s application on that ground, prompting this proceeding.
The Comptroller’s determination relies primarily upon the *1266 report of Charles Ricciardelli, the physician who examined petitioner on behalf of respondent. Based upon his examination of petitioner and review of her medical records in 2006, Ricciardelli concluded that petitioner had pain in her right upper arm caused by the accident, but was exaggerating the pain, and had only a mild, partial disability. However, the record includes the report of an MRI of petitioner’s right shoulder taken after Ricciardelli examined her, which indicates that petitioner has a biceps tendon tear. Respondent does not indicate that Ricciardelli was given the chance to review the right shoulder MRI report; nor did respondent call him to testify and, thus, there is no basis for concluding that his opinion would have remained unchanged in light of the new information contained therein.
While the Comptroller is vested with authority to evaluate conflicting medical opinions and credit the opinion of one expert over that of another, the medical proof relied upon must articulate a rational, fact-based opinion based upon a physical examination and review of all the relevant medical records (see Matter of Danieu v DiNapoli, 77 AD3d 1152, 1154 [2010]; Matter of Schine v Hevesi, 40 AD3d 1362, 1363 [2007]). Inasmuch as Ricciardelli was not given the opportunity to clarify his opinion based upon a review of all the relevant medical records, the determination is not supported by substantial evidence and must be annulled and remitted for further proceedings (see Matter of Danieu v DiNapoli, 77 AD3d at 1154-1155; Matter of King v DiNapoli, 75 AD3d 793, 796 [2010]).
Kavanagh, Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and matter remitted to the Comptroller for further proceedings not inconsistent with this Court’s decision.