*15
 
 OPINION OF THE COURT
 

 Simons, J.
 

 The Human Rights Law prohibits discrimination on the basis of sex in "the fixing of the rates, terms or conditions of * * * any form of credit” (Executive Law § 296-a [1] [b]). The issue in this proceeding is whether an auto loan agreement violates this statutory prohibition if it contains an option to purchase disability insurance for the duration of the loan which excludes coverage for disabilities caused by normal pregnancy. We conclude that it does.
 

 I
 

 In October 1982, Theresa Yadlosky obtained a car loan from petitioner Binghamton GHS Employees Federal Credit Union by executing a combined one-page application form and promissory note. The application contained an option for credit health and disability insurance to be exercised by the borrower placing an "x” in a designated box. Ms. Yadlosky elected the option and the premium of $388.48 was included in the principal and amortized over the life of the loan as a part of her installment payments. She later received an insurance policy written by PHF Life Insurance Company and
 
 *16
 
 administered by petitioner Richard J. Katz & Co., Inc., an insurance broker. Under the terms of the insurance policy, benefits were available to pay monthly loan installments if the insured became disabled and was unable to do so. The policy excluded benefits, however, "if the debtor becomes disabled due to a normal pregnancy.”
 

 Ms. Yadlosky filed claims under the policy, in January 1984 and March 1985, for six-week disabilities caused by two normal pregnancies. They were denied because of the pregnancy exclusion. Ms. Yadlosky then filed complaints against Binghamton and Katz with the State Division of Human Rights alleging that denial of her claims constituted unlawful discrimination in the terms and conditions of credit based on sex. The Administrative Law Judge found for Ms. Yadlosky and ordered Binghamton and Katz to pay compensatory damages of $669.28 for the two disability periods. The Commissioner of the Division of Human Rights agreed, holding that the disability insurance policy was so "inextricably intertwined with the auto car loan” that it constituted a "term and condition” of credit and violated the Human Rights Law
 
 (see,
 
 Executive Law § 296-a [1] [b]).
 
 *
 

 Binghamton, Katz and the New York State Insurance Department commenced an article 78 proceeding to annul the determination of the Division of Human Rights and a divided Appellate Division granted their petition. The majority held that the Division of Human Rights lacked subject matter jurisdiction, concluding that because the insurance was optional the insurance transaction did not implicate a "term or condition” of credit within the meaning of the Human Rights Law. The majority also noted that the provisions of the policy complied with Insurance Department regulations
 
 (see,
 
 11 NYCRR 185.5 [f] [2] [i]). Justice Lawton dissented, concluding that the insurance was a "term” of credit and that the exclusion was proscribed by the Human Rights Law. We granted leave to appeal.
 

 II
 

 The Insurance Department has the statutory power and
 
 *17
 
 duty to determine whether policy premiums are rationally related to risks and expenses (Insurance Law §3201 [c] [3]) and to eliminate discriminatory practices in the writing of insurance
 
 (see,
 
 Insurance Law §§ 2606, 2607, 4224; 11 NYCRR 185.5 [f] [2] [i]). It contends, therefore, that the Division of Human Rights order affecting health and disability insurance intrudes on its exclusive jurisdiction over this dispute. We disagree.
 

 The Legislature has given the Division of Human Rights jurisdiction over discrimination matters; it has the primary responsibility to "receive, investigate and pass upon” claimed discriminatory practices which violate the Human Rights Law (Executive Law § 295 [6] [a]; § 290;
 
 Matter of Board of Higher Educ. v Carter,
 
 14 NY2d 138, 145-146). Moreover, we have held that singling out pregnancy for different treatment from other physical or medical disabilities discriminates on the basis of sex and is prohibited in areas addressed by the Human Rights Law
 
 (Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd.,
 
 41 NY2d 84, 86;
 
 Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd.,
 
 35 NY2d 371, 375). Accordingly, the Division has the power to investigate and decide Ms. Yadlosky’s claim that the insurance option was a discriminatory term of credit under the Human Rights Law
 
 (see,
 
 Executive Law § 296-a [1] [b];
 
 cf., Matter of Imperial Diner v State Human Rights Appeal Bd.,
 
 52 NY2d 72, 77). Even if it ultimately determined that there was no merit to the claim, it nevertheless had the authority to pass on its validity.
 

 III
 

 Turning to the merits, petitioners contend that the disability insurance exclusion was not a "term or condition * * * of credit” within the provisions of the statute because the coverage was optional with the debtor. While the insurance was not a "condition” of credit under the circumstances, it was indeed a "term” of the credit included in the credit agreement and an integral part of the loan transaction. The insurance was offered in the one-page credit agreement and promissory note used by Binghamton; it was available with every installment loan and the duration of every policy was keyed to the amount and duration of the loan. Moreover, the insurance was available only as a part of a credit transaction. Although Ms. Yadlosky could have obtained similar insurance from another
 
 *18
 
 source, the insurance she obtained from Binghamton was offered only to borrowers, as a part of the credit agreement, not to the public generally. Further, the insurance premium was incorporated into the loan. It was computed and added into the monthly installment payments and then collected by the creditor with the interest and principal of the loan. Binghamton paid the insurer at the outset and charged interest to Ms. Yadlosky on the insurance premium at 16%, the same rate charged on the debt, keeping the interest and thus making a profit on the premium.
 

 Based upon these facts, the determination of the Commissioner that the disability insurance provision was "inextricably intertwined” with the loan agreement and a "term” of credit was not arbitrary and capricious. Inasmuch as a woman could not obtain credit on the same terms from Binghamton as a man, i.e., she was denied the opportunity to obtain full disability protection because of her sex, the credit agreement violated the statutory proscription against discrimination. That the borrower could have obtained the loan without any insurance or with insurance purchased from another source is irrelevant. We construe section 296-a (1) (b) liberally to encompass optional as well as mandatory benefits of insurance coverage to effectuate the purposes of this remedial statute prohibiting discrimination
 
 (see,
 
 Executive Law § 300;
 
 New York Inst. of Technology v State Div. of Human Rights,
 
 40 NY2d 316, 324-325;
 
 Holly v Pennysaver Corp.,
 
 98 AD2d 570, 572-573). It is appropriate, therefore, to apply the statutory proscription against discrimination to all provisions of a credit offering, not simply those which are mandatory
 
 (cf., Arizona Governing Comm. v Norris,
 
 463 US 1073, 1081, n 10). A lender may not, as a part of its regular loan procedures, offer a disability benefits policy, whether optional or not, that discriminates on the basis of sex
 
 (see,
 
 Executive Law § 296-a [1] [b]).
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the determination of the Division of Human Rights reinstated.
 

 Chief Judge Wachtler and Judges Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order reversed, etc.
 

 *
 

 The Human Rights Law (Executive Law § 296-a [1]) provides: ”[i]t shall be an unlawful discriminatory practice for any creditor or any officer, agent or employee thereof * * * [b] [t]o discriminate in the granting, withholding, extending or renewing, or in the fixing of the rates,
 
 terms or conditions
 
 of, any form of credit, on the basis of * * * sex” (emphasis added).