■ In the Matter of KATHLEEN DUBOIS, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [657 NYS2d 798] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for disability retirement benefits.

In January 1992 petitioner, a State Trooper, was injured in an automobile accident while on duty. The injuries that petitioner allegedly sustained to her neck and lower back apparently precluded her from returning to work and, in August 1993, her employer filed an application for disability retirement benefits on her behalf. Following a hearing, respondent Comptroller denied petitioner's application, finding that petitioner failed to sustain her burden of demonstrating that she was permanently incapacitated from the performance of her duties as a State Trooper. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78, contending that the determination is not supported by substantial evidence.

At the administrative hearing conducted in this matter John Cambareri, the orthopedic surgeon who evaluated petitioner on behalf of the Retirement System, testified that he examined petitioner in March 1994. After obtaining a medical history from petitioner, Cambareri had petitioner perform certain tests which, Cambareri testified, revealed that petitioner had good range of motion in her neck and lower back. Additionally, Cambareri reviewed X rays taken in May 1992 and a magnetic resonance imaging study (hereinafter MRI) conducted in 1993. Although both the X rays and the MRI indicated a degenera-

tive change or bulging disc at L4-5, Cambareri testified that this reflected nothing more than a normal aging phenomenon. Based upon his physical examination of petitioner and his review of the X rays and MRI, Cambareri concluded that petitioner was capable of performing her regular duties as a State Trooper and, hence, did not sustain a disabling injury. Although petitioner's treating physician provided testimony to the contrary, it was within the Comptroller's authority to evaluate the conflicting medical evidence (*see, Matter of Kinlock v New York State & Local Employees' Retirement Sys.*, 237 AD2d 810, 811; *Matter of Lopez v McCall*, 236 AD2d 690, 691). Additionally, while petitioner makes much of the fact that the State Police determined that she was not fit for full duty, that finding does not mean that petitioner is disabled within the meaning of Retirement and Social Security Law § 363-b and is not binding upon the Retirement System in any event (*see, Matter of Keller v Regan*, 212 AD2d 856, 858; *cf., Matter of Cook v City of Utica*, 88 NY2d 833, 835). Accordingly, we find no reason to disturb the Comptroller's determination.

Cardona, P. J., Mikoll, Mercure and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.