■ In the Matter of DONALD DIXON, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [664 NYS2d 856] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for disability retirement benefits.

On or about June 26, 1990, petitioner, who was employed at the time as a correction officer at a State correctional facility, was injured while restraining an inmate. His subsequent application for disability retirement benefits was denied on the ground that he was not permanently incapacitated from his duties as a correction officer. Petitioner thereafter commenced this CPLR article 78 proceeding, contending that the determination is not supported by substantial evidence.

We disagree. Stephen Gilbert, the neurologist who appeared as an expert on behalf of respondent New York State and Local Employees' Retirement System, testified that, based upon his examination of petitioner and his assessment of the MRI and CAT scan films, he concurred with the observations recorded by the physician who initially reviewed the films, finding no evidence of a herniated disc. Furthermore, Gilbert noted that petitioner's subjective complaints of pain were inconsistent with the injury he allegedly sustained. While Gilbert diagnosed petitioner with a slight bulging disc, he explained that this condition did not impinge upon any nerves nor did it prohibit petitioner from performing his duties as a correction officer. Although petitioner's medical expert disagreed with this diagnosis, testifying that petitioner suffered from a disabling herniated disc, it is axiomatic that respondent Comptroller is vested

with the authority to evaluate conflicting medical evidence and to accept one expert's medical opinion over that of another (*see, Matter of Bilodeau v McCall,* 240 AD2d 844; *Matter of Dubois v McCall,* 239 AD2d 744). In short, Gilbert's testimony provides substantial evidence to support the Comptroller's determination that petitioner was not permanently incapacitated from performing his duties as a correction officer.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.