■ In the Matter of GARY INGRAM, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York and Administrative Head of the New York State Police and Fire Retirement Systems, Respondent. [674 NYS2d 496] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's request for accidental disability retirement benefits.

Substantial evidence supports the conclusion that petitioner, a firefighter, failed to establish that his ankle injury, which occurred after he accidentally stepped into a deep rut, was a total and permanent disability within the meaning of the Retirement and Social Security Law. The doctors who examined petitioner differed in their testimony regarding petitioner's injury and his ability to return to work. Petitioner's witness believed that petitioner was unable to return to work as a firefighter, that he was totally disabled and that the injury was permanent. The witness for the New York State and Local Police and Fire Retirement Systems, however, disagreed and concluded that petitioner's injuries would not prevent him from

returning to work as a firefighter. Respondent has the authority to evaluate conflicting medical evidence and accept one expert's medical opinion over that of another (see, *Matter of Bare v McCall*, 249 AD2d 770; *Matter of Dixon v McCall*, 245 AD2d 686). Moreover, petitioner's own physician testified that petitioner complained that the pain was worse on some days than it was on others, and concluded that on the days when the pain was not as bad petitioner would be able to work. Consequently, we find that there was substantial evidence to support the determination that petitioner was not permanently incapacitated from performing his duties as a firefighter.

Crew III, J. P., White, Yesawich Jr., Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.