■ In the Matter of URBAN A. KREPPEIN, Petitioner, v NEW YORK STATE AND LOCAL POLICE AND FIRE RETIREMENT SYSTEM, Respondent. [706 NYS2d 362] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for disability retirement benefits.

Petitioner, a State Trooper, filed an application for disability retirement benefits based upon an injury to his right knee. Following a hearing, the Comptroller denied the application upon finding that petitioner was not incapacitated from performing his duties as a State Trooper. Petitioner commenced this CPLR article 78 proceeding to review the Comptroller's determination.

The testimony of respondent's orthopedic expert that, based upon a physical examination of petitioner and X rays of the knee, petitioner had no significant disability that would preclude him from performing the duties of a State Trooper, which the Comptroller credited, provides substantial evidence to support the Comptroller's determination despite the existence of contrary testimony by claimant's expert (see, Matter of Henshaw v McCall, 242 AD2d 827; Matter of Dubois v McCall, 239 AD2d 774). In view of petitioner's failure to demonstrate any actual prejudice, the substitution of a new Hearing Officer following the close of the hearing, which was authorized by State Administrative Procedure Act § 303, provides no basis to disturb the determination (see, Matter of Park v Board of Regents, 222 AD2d 946, 949; Matter of Kelly v Duffy, 144 AD2d 792).

Mercure, J. P., Crew III, Peters and Mugglin, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.