◼ In the Matter of JOHN DIPOFI, Petitioner, v NEW YORK STATE AND LOCAL POLICE AND FIRE RETIREMENT SYSTEM et al., Respondents. [709 NYS2d 712] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for accidental and State Police disability retirement benefits.

Petitioner injured his neck, back and knee in a September 7, 1990 automobile accident arising out of his work as a State Police Investigator. Applications for accidental and State Police disability retirement benefits were filed on petitioner's behalf by the Superintendent of State Police. Although the Superintendent determined petitioner unfit to return to duty and petitioner's medical expert opined that petitioner was permanently incapacitated, respondent Comptroller, relying on the testimony of the medical expert who examined petitioner for respondent State and Local Police and Fire Retirement System, found that petitioner was not disabled from the performance of his duties and denied the applications.

The Comptroller is vested with exclusive authority to determine all applications for retirement benefits (see, Matter of Spencer v New York State & Local Employees' Retirement

*Sys.*, 220 AD2d 792, 793) and is not bound by a determination of the Superintendent regarding petitioner's fitness to return to duty (*see, Matter of Dubois v McCall*, 239 AD2d 774, 775). In denying petitioner's application, the Comptroller exercised his authority to evaluate the conflicting medical evidence and accept the medical opinion of Mary Godesky, an orthopedic surgeon who examined petitioner on behalf of the Retirement System, over the opinion of petitioner's treating physician (*see, Matter of Ingram v McCall*, 251 AD2d 878, 879). Godesky's testimony, that her examination of petitioner revealed only some degenerative changes in petitioner's spine and knee but no disabling impairment that prevented him from physically engaging in the strenuous activities of his position, provided a legally sufficient basis for the Comptroller's determination (*see, Matter of Rakowski v McCall*, 246 AD2d 734).

We have considered petitioner's remaining arguments and find them to be without merit.

Mercure, J. P., Graffeo and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.