■ In the Matter of KT's JUNCTION, INC., Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, on Complaint of CARRIE A. OURSLER, Respondent. [903 NYS2d 645]—

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [Donald A. Greenwood, J.], entered January 6, 2010) to annul a determination of respondent. The determination, inter alia, found that petitioner had unlawfully discriminated against complainant.

It is hereby ordered that the determination is unanimously modified on the law and the petition is granted in part by reducing the award of compensatory damages for mental anguish to $5,000 and as modified the determination is confirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to Executive Law § 298 seeking, inter alia, to annul the determination of respondent, New York State Division of Human Rights (hereafter, SDHR), that petitioner discharged complainant based solely on her pregnant condition in violation of the Human Rights Law (*see* Executive Law § 296 [1] [a]; *Matter of Binghamton GHS Empls. Fed. Credit Union v State Div. of Hu-*

*man Rights*, 77 NY2d 12, 17 [1990]). Contrary to petitioner's contention, we conclude that the determination is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-181 [1978]). We reject petitioner's further contention that the transfer of this proceeding from the Administrative Law Judge (ALJ) who presided over the hearing to a second ALJ who rendered the determination violated Judiciary Law § 21 and the New York State Constitution. Judiciary Law § 21 has never been applied to administrative proceedings, and "the substitution of ALJs during the course of a hearing is generally permissible and will not, standing alone, warrant a finding of prejudice" (*Matter of Schweizer Aircraft Corp. v New York State Div. of Human Rights*, 220 AD2d 855, 855 [1995], *lv denied* 87 NY2d 805 [1996]). The fact that the second ALJ did not hear or observe any witnesses does not constitute prejudice (*see id.* at 856) and, indeed, petitioner failed to demonstrate any actual prejudice (*see Matter of Kreppein v New York State & Local Police & Fire Retirement Sys.*, 270 AD2d 732 [2000]).

We agree with petitioner, however, that the award of $10,000 for mental anguish is not supported by the evidence. "In reviewing such an award, we must 'determine[, inter alia,] whether the relief was reasonably related to the wrongdoing [and] whether the award was supported by evidence before [the SDHR]' " (*Matter of Anagnostakos v New York State Div. of Human Rights*, 46 AD3d 992, 994 [2007], quoting *Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 219 [1991]), and that is not the case here. The evidence of mental anguish experienced by the complainant consisted of her testimony at the hearing that she was diagnosed with depression or anxiety as a result of the reduction in her hours of employment and that she suffered from high blood pressure. The complainant was suffering from high blood pressure at the time of the hearing, however, and there is no evidence that her condition was related to the reduction in her hours of employment or her termination. In addition, the complainant obtained an offer of employment following the birth of her child and, at most, her mental anguish would have been limited to the brief period of time when she was not collecting unemployment or disability benefits. In light of the nonspecific nature of the complainant's mental distress, we conclude that the maximum award for mental anguish supported by the evidence is $5,000 (*see generally Matter of Diaz Chem. Corp. v New York State Div. of Human Rights*, 237 AD2d 932, 933 [1997], *affd* 91 NY2d 932 [1998]; *Matter of New York State Tug Hill Commn. v New York State Div. of Human Rights*, 52 AD3d 1169, 1171-1172 [2008]).

We therefore modify the determination accordingly. Present—Martoche, J.P., Fahey, Carni, Sconiers and Green, JJ.