# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**976**

**TP 14-00043**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND VALENTINO, JJ.

---

IN THE MATTER OF COUNTY OF ERIE, NAMED IN THE
UNDERLYING MATTER AS ERIE COUNTY DEPARTMENT OF
SOCIAL SERVICES, PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF HUMAN RIGHTS,
RESPONDENT-PETITIONER,
AND MARGARET PASCALE, RESPONDENT.

---

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (MICHELLE M. PARKER OF
COUNSEL), FOR PETITIONER-RESPONDENT.

CAROL J. DOWNEY, GENERAL COUNSEL, BRONX (MICHAEL K. SWIRSKY OF
COUNSEL), FOR RESPONDENT-PETITIONER.

---------------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Henry J. Nowak, Jr., J.], entered January 6, 2014) to review a determination of respondent-petitioner. The determination, among other things, found that petitioner-respondent engaged in unlawful discrimination.

It is hereby ORDERED that the determination so appealed from is unanimously modified on the law and the petition is granted in part by reducing the award of compensatory damages for mental anguish and humiliation to $2,500 and as modified the determination is confirmed without costs, and the cross petition is granted in part and petitioner-respondent is directed to pay respondent the sum of $2,500 with interest at the rate of 9% per annum, commencing March 26, 2013, and to pay the State of New York a civil penalty in the amount of $5,000 at the rate of 9% per annum, commencing March 26, 2013 and petitioner-respondent is directed to maintain a desktop printer at the work station of respondent.

Memorandum: Petitioner-respondent (petitioner) commenced this proceeding pursuant to Executive Law § 298 seeking to annul the determination of respondent-petitioner, New York State Division of Human Rights (Division), that it engaged in unlawful discrimination because it failed to provide a reasonable accommodation to respondent, Margaret Pascale. The Division awarded respondent that accommodation and damages and imposed a civil penalty of $5,000. It is undisputed that respondent's left leg was amputated below the knee as the result of complications from diabetes. It also is undisputed that petitioner

implemented a county-wide program for substantially reducing the number of desktop printers and instead, utilizing all-in-one printer systems to be shared by several employees.  Although the common-use printer was in proximity to respondent's work station, she requested that she be provided with a desktop printer because she used the printer "constantly" and, with her prosthetic and "bad knees," "it is very tiring" and the use of the common printer "may cause added soreness to [her] situation."  Respondent provided petitioner with its required medical certification from her physician, which stated that respondent's disability was a "diabetes caused amputation [prosthetic leg]."  The form listed symptoms of the disability as, inter alia, "weak knees and chronic back pain," as well as several limitations that do not directly impact respondent's request.  The form did not, however, specify a recommended accommodation.  Petitioner determined that the accommodation was not necessary and denied respondent's request, following petitioner's review of respondent's work space and its proximity to the common printer, along with information obtained from respondent's medical provider.

Respondent filed a complaint with the Division, which determined after a hearing that respondent met her burden of establishing a prima facie case of discrimination based upon the denial of a reasonable accommodation, i.e., that she is a person with a disability, that petitioner had notice of it, that she could perform the essential functions of her job with a reasonable accommodation, and that petitioner refused to make such accommodation (see Matter of Abram v New York State Div. of Human Rights, 71 AD3d 1471, 1473).  We reject petitioner's contention that the Administrative Law Judge (ALJ) erred in considering a letter from respondent's physician inasmuch as the record reflects that petitioner stipulated to the admission of that letter in evidence.  Although we agree with petitioner that the ALJ erred in determining that it was required to obtain additional medical evidence when it determined that the medical support provided by respondent was insufficient (see Pimentel v Citibank, N.A., 29 AD3d 141, 148, lv denied 7 NY3d 707), we nevertheless conclude that the Division's determination, that the failure to provide a desktop printer as a reasonable accommodation to respondent's disability constitutes discrimination, is supported by substantial evidence (see generally Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d 494, 499; Matter of Noe v Kirkland, 101 AD3d 1756, 1757).  Here, although " 'the evidence is conflicting and room for choice exists[,]' " there is a rational basis for the determination and thus " 'the judicial function is exhausted' " (Noe, 101 AD3d at 1757).

We nevertheless agree with petitioner that the award of $10,000 in compensatory damages is not " 'supported by the evidence' " and does not compare with other awards for similar injuries (Matter of City of Niagara Falls v New York State Div. of Human Rights, 94 AD3d 1442, 1444; see Matter of New York City Tr. Auth. v State Div. of Human Rights, 78 NY2d 207, 216).  Respondent testified that she was "surprised," "angry" and "depressed" by the determination to refuse to restore a desktop printer to her work station and that she was required to utilize prescription pain medication approximately once or twice per week since using the common printer.  We conclude that the

award should be reduced to $2,500 (*see generally Matter of KT's Junc., Inc. v New York State Div. of Human Rights*, 74 AD3d 1910, 1911), and we therefore modify the determination accordingly.  We reject petitioner's further contention that the civil penalty of $5,000 is excessive.  "[J]udicial review of an administrative penalty is limited to whether the measure or mode of penalty . . . constitutes an abuse of discretion as a matter of law . . . [A] penalty must be upheld unless it is 'so disproportionate to the offense as to be shocking to one's sense of fairness,' thus constituting an abuse of discretion as a matter of law" (*Matter of Kelly v Safir*, 96 NY2d 32, 38, *rearg denied* 96 NY2d 854), and here, the penalty is not an abuse of discretion as a matter of law.

Entered:  October 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court