**Keenan v Bloomberg, LP**

2025 NY Slip Op 30701(U)

March 3, 2025

Supreme Court, New York County

Docket Number: Index No. 155679/2024

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:**  **HON. PAUL A. GOETZ** | **PART** **47** |
| *Justice* | |

-------------------------------------------------------------------------------X

SUSAN KEENAN

                              Plaintiff,

              - v -

BLOOMBERG, LP,

                           Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 155679/2024 |
| **MOTION DATE** | 09/13/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14

were read on this motion to/for                         DISMISS                  .

In this employment discrimination action, plaintiff's causes of action include disparate treatment, disparate impact, hostile work environment, and retaliation based on sex and age in violation of the New York State Human Rights Law (NYSHRL), the New York City Human Rights Law (NYCHRL), and New York Labor Law § 194 (Equal Pay Act, or EPA). Defendant now moves pursuant to CPLR § 3211(a)(5) and (7) to dismiss all of plaintiff's claims, except for her retaliation claims based on alleged protected activity from May 2022 through 2024 that are unrelated to her late-night schedule.

Statute of Limitations

Defendant first argues that plaintiff's discrimination and retaliation claims relating to conduct that took place prior to June 20, 2021 must be dismissed as untimely because under the NYSHRL and NYCHRL, such claims "must be commenced within three years after the alleged unlawful discriminatory and/or retaliatory conduct" (NYSCEF Doc No 6 [noting that "Plaintiff's Complaint contains allegations dating back as far as 2012"]). Plaintiff opposes, arguing that all of her claims are timely pursuant to the continuing violations doctrine (*Ferraro v New York City*

**155679/2024   KEENAN, SUSAN vs. BLOOMBERG, LP**                                  **Page 1 of 6**
**Motion No.  001**

*Dept. of Educ.*, 115 AD3d 497, 497-98 [1st Dept 2014] [continuing violations doctrine applies where plaintiff alleges facts comprising "a single continuing pattern of unlawful conduct extending into the [limitations] period immediately preceding the filing of the complaint"]).

"[P]laintiff has adequately alleged a single continuing pattern . . . which permits consideration under the [] HRL of all actions relevant to [those] claim[s], including those that would otherwise be time-barred" (*Jeudy v City of New York*, 142 AD3d 821, 823 [1st Dept 2016]). For example, plaintiff alleges that "[b]eginning in 2019 and continuing through 2023 [plaintiff's] Asia-TV managers were deliberately skewing the written portion of her Evaluations to downplay or omit her achievements each year, despite verbally praising her"; by 2022, plaintiff "was being pressured to work past midnight on an almost daily basis" while "male and younger TV peers were not being treated [the same] way"; and after plaintiff complained of schedule changes which "only impacted the two oldest female BTV newscasters," plaintiff was increasingly "phased out" and replaced by younger colleagues (NYSCEF Doc No 1 ¶¶ 119, 136, 141, 157, 194; see also *During v City Univ. of N.Y.*, 2002 U.S. Dist. LEXIS 9796, *9 [SDNY 2002] [internal citation omitted] ["Plaintiff's Complaint [] provide[s] sufficient detail that the court may infer the existence of continuing violations. For example, Plaintiff alleges that 'beginning in or about 1984 and continuing to the present defendants have engaged in a pattern and practice of discrimination directed against plaintiff.'"]).

"[I]t cannot be said, as a matter of law, that these [discriminatory and retaliatory] acts, if proven, were not part of a single continuing pattern of unlawful conduct extending into the [three]-year period immediately preceding the filing of the complaint" (*Ferraro*, 115 AD3d at 497-98; *Petit v Department of Educ. of the City of N.Y.*, 177 AD3d 402, 403-04 [1st Dept 2019] [same]; *During*, 2002 U.S. Dist. LEXIS 9796 at *9 ["the court is unable to find that Plaintiff's

155679/2024   KEENAN, SUSAN vs. BLOOMBERG, LP
Motion No.  001

Page 2 of 6

Complaint contains no set of facts sufficient to find a continuing violation for both discrimination and retaliation"]). Therefore, at this stage in the litigation, plaintiff's discrimination and retaliation claims will not be dismissed as untimely.

Failure to State a Claim

Separate from the timeliness issue, defendant argues that plaintiff's causes of action should be dismissed because she failed to state a claim. Specifically, defendant argues that (i) plaintiff's discrimination and hostile work environment claims fail because she failed to allege discriminatory animus, and her retaliation claims fail because she did not plead any adverse actions that could be causally related to the protected activity she engaged in during the relevant period; and (ii) plaintiff's EPA claim fails because she did not adequately identify any comparators outside her protected classes that were paid more than her (NYSCEF Doc No 6). Plaintiff argues that each of her claims were adequately pled (NYSCEF Doc No 13).

*(i)* *Discrimination, Hostile Work Environment & Retaliation Claims*

Both the NYSHRL and NYCHRL require that their provisions be "construed liberally" to accomplish the remedial purposes of prohibiting discrimination (NYSHRL § 300; NYCHRL § 8-130; *Albunio v City of New York*, 16 NY3d 472, 477-478 [2011]; *Matter of Binghamton GHS Ernpls. Fed. Credit Union v State Div. of Human Rights*, 77 NY2d 12, 18 [1990]). On a motion to dismiss, "employment discrimination cases are [] generally reviewed under notice pleading standards[;] a plaintiff alleging employment discrimination 'need not plead [specific facts establishing] a prima facie case of discrimination' but need only give 'fair notice' of the nature of the claim and its grounds" (*Vig v New York Hairspray Co., LP*, 67 AD3d 140, 145 [1st Dept 2009] [internal citation omitted]).

**155679/2024   KEENAN, SUSAN vs. BLOOMBERG, LP**
**Motion No.  001**

**Page 3 of 6**

3 of 6

Plaintiff alleges that she was a member of two protected classes, based on her sex and age; she was qualified for her position, having 25 years of experience as a news anchor for defendant; she was subject to various adverse employment actions and treated differently from other employees (e.g., as compared to younger and male employees, plaintiff was paid less, given less favorable assignments, scheduled for late-night shifts, and not given appropriate equipment for remote work); and a discriminatory animus can be inferred (*see generally*, NYSCEF Doc No 1). Plaintiff also alleges that, after making clear complaints about the perceived discriminatory conduct, the work environment became increasingly more hostile, culminating in her termination (*id.*).

At this stage, "it cannot be said, as a matter of law, that the facts alleged by plaintiff, if proven, would not constitute discrimination, retaliation and a hostile work environment in violation of the New York State and New York City Human Rights Laws" (*Ferraro*, 115 AD3d at 497). Rather, "[c]rediting plaintiff's allegations for the purpose of this pre-answer, pre-discovery motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7)," the complaint is "sufficient to give defendant [] 'fair notice' of the nature of plaintiff's claims and their grounds" (*Petit*, 177 AD3d at 403). Therefore, plaintiff's discrimination, hostile work environment, and retaliation claims will not be dismissed for failure to state a claim.

*(ii)    Equal Pay Claim*

New York's EPA prohibits employers from paying an "employee with status within [a] protected class [] at a rate less than the rate at which an employee without [such] status [] in the same establishment is paid for" equal or substantially similar work requiring equal or substantially similar skill (NY Labor Law § 194). To state a claim for violation of the EPA[1],

---

[1] "An equal pay claim under New York Labor Law § 194 is analyzed under the same standards applicable to the federal Equal Pay Act" (*Wu v Good Samaritan Hosp. Med. Ctr.*, 815 F Appx 575, 580 n.5 [2nd Cir 2020]).

**155679/2024   KEENAN, SUSAN vs. BLOOMBERG, LP**                                  **Page 4 of 6**
   **Motion No.  001**

4 of 6

[* 4]

plaintiff's work "need not be identical," but must be at least "substantially equal," to that of her higher-paid comparators (*Kent v Papert Cos.*, 309 AD2d 234, 246 [1st Dept 2003]). However, "broad generalizations drawn from job titles, classifications, or divisions, and conclusory assertions of [] discrimination, cannot suffice" (*EEOC v Port Auth of NY & NJ*, 768 F3d 247, 256 [2nd Cir 2014]).

Here, as defendant notes, plaintiff's complaint does not identify her purported comparators by name, or provide details as to their backgrounds and experiences indicating that they are appropriate comparators (NYSCEF Doc No 1 ¶¶ 42, 52-53, 200 [plaintiff alleging she received lower compensation and/or bonuses than "one of Plaintiff's Asia-TV female teammates in her mid-twenties with just over two years on the job," "male TV peers with 20+ years at Bloomberg," "a male comparator 20 years her junior," a "male comparator[] with similar experience and skills and performing substantially similar work" and "one significantly younger male colleague"). Plaintiff argues that this is immaterial, citing *Zherka v Tower Group Cos., Inc.*, 2011 NY Slip Op 33985[U], *6-7 [SC NY Co 2011], in which the defendant's motion to dismiss the plaintiffs' EPA claim was denied because, even though plaintiffs "omit[ted] their own compensation as a baseline by which to compare the allegedly discriminatory unequal pay provided to male employees and the identity of the higher paid employees," they at least provided the gender, title and dates of occurrences. Plaintiff claims she identified her comparators in reports she made to defendant's human resources department, but those reports were not attached to her complaint or opposition to defendant's motion (NYSCEF Doc No 13). In a separate section of her opposition, "Plaintiff seeks leave to amend under CPLR 3025 to further demonstrate that these comparators, identified internally to Bloomberg, were treated more favorably than Plaintiff," but plaintiff did not file a cross-motion to that effect.

**155679/2024  KEENAN, SUSAN vs. BLOOMBERG, LP**
**Motion No.  001**

**Page 5 of 6**

On the papers submitted, it is unclear whether the higher paid employees plaintiff alludes to can fairly be deemed her comparators. However, in light of plaintiff's specific allegations as to the discrepancies in pay (*see, e.g.*, NYSCEF Doc No 1 ¶¶ 42-42, 52-53 [alleging a "female teammate[]" with only two years of experience received a bonus of $5,000/year, whereas plaintiff's bonus was capped at $2,500/year; a male comparator 20 years her junior "was paid $100,000.00 a year more than Plaintiff and more than double her yearly bonus"; and another male comparator with similar experience and duties "was being paid $250,000.00+ more a year, with a bonus approximately 20 times greater than that of Plaintiff's"] [emphasis omitted]) and her references to reports which have not yet been submitted, her claim will not be dismissed at this early stage without the benefit of discovery.

Accordingly, it is

ORDERED that defendant's motion is denied.

20250303125035PG0ETZ8ZA3651243D341DF806E99BE25CE0C45

| 3/3/2025 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **PAUL A. GOETZ, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**155679/2024   KEENAN, SUSAN vs. BLOOMBERG, LP**
**Motion No.  001**

**Page 6 of 6**

[* 6]